### BLUNT *vs.* BOYD.

A promise, made by A. to B., to pay a debt owing by the latter to C.—B. agreeing
   that the payment shall be so made, in order to discharge a debt due from him to
   C.—is not within the statute of frauds; and need not be in writing, to be valid.

Where a promise is made by one person to another, for the benefit of a third, to
   enable the third party to maintain an action thereon, it is necessary there should
   have been a new and distinct consideration for the promise, moving to the defen-
   dant, either from the plaintiff or the party indebted to the plaintiff. HARRIS, J.
   *dissenting.*

In cases where suits have been brought by a person not a party to the contract, but
   for whose benefit the contract was made, the question whether the defendant had
   received money or property, as a consideration for the promise, has in general
   been regarded as the controlling circumstance. *Per* PARKER, J.

THIS was a writ of error to the mayor's court of the city of
Albany.   Boyd sued Blunt, in the court below, in assumpsit,
and declared on the common counts, and also on two special
counts.   The defendant pleaded the general issue.   It appeared
in evidence that John D. Rowley commenced working for the
defendant, as a carpenter, in May, 1845, being engaged in
building a barn for him; and that he continued to work for
the defendant until February, 1846.   On the 23d of January,
1846, Rowley was indebted to the plaintiff for the balance of a
bill of lumber obtained to build the said barn, in the sum of
$87,18; and on that day he gave to the plaintiff a draft on the
defendant in the words and figures following:

"Schodack Landing.

Mr. J. Blunt, Dear Sir, Please pay J. C. Boyd or order eighty
seven $\frac{18}{100}$ dollars for value received and charge the same to
account of ob't serv't,

January 23, 1846.                    JOHN D. ROWLEY."

$87$\frac{18}{100}$.

The defendant refused to pay or accept the draft; saying
that he did not know that he owed Rowley the amount of it.
Rowley testified that in February, 1846, he settled with the de-
fendant, and that the defendant owed him, at that time, about

VOL. III.                    27

one hundred and fifty dollars. That an arrangement was then made between him and the defendant that the defendant should pay the $87,18; and that he retained that amount out of what he owed Rowley, and Rowley took the defendant's note for the balance. Rowley further stated, on cross-examination, that when the plaintiff received the draft he applied it to his credit. Robert H. Pruyn testified that in the summer of 1846 he was in the city of New-York and received a letter from the plaintiff requesting him to call on the defendant and see him in relation to the payment of the $87, for lumber sold to Mr. Rowley; that he saw the defendant, who said he would settle it after he had received his August rents, if the plaintiff would deduct $9, for unfinished work; that the defendant said he would pay the draft, deducting the $9; and that he, Pruyn, told the defendant he would advise the plaintiff to make the deduction.

The defendant moved for a nonsuit, which was denied, and the defendant excepted. The court charged the jury that the plaintiff was entitled to recover the $87, less the $9; to which the defendant also excepted. The jury found a verdict for the plaintiff, for $79,82.

*J. V. L. Pruyn*, for the plaintiff in error.

*W. W. Frothingham*, for the defendant in error.

PARKER, J. The first question to be determined in this case is, whether the promise made by Blunt to pay the debt due to the plaintiff from Rowley was void by the statute of frauds. The statute now declares every special promise to answer for the debt, default, or miscarriage of another person, void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing and subscribed by the party to be charged therewith. In the recent case of *Barker* v. *Bucklin*, (2 *Denio*, 45,) Mr. Justice Jewett has reviewed, with great care and ability, the cases bearing upon this point. The distinction is there fully recognized between a promise to pay one's

own debt, to a third person, instead of paying it to his own creditor—the latter agreeing that the payment shall be so made, in order to discharge his debt to such third person—and an agreement to pay the debt of another person to the creditor of such person, upon some other consideration. The first was held not to be within the statute of frauds. The latter was held to be within the statute, and to be void; although made upon a new and distinct consideration; unless the agreement was in writing expressing such consideration.

If this case rested alone on the testimony of Mr. Pruyn, it would be clearly within the statute of frauds; for he proves nothing more than a promise made to the plaintiff's agent, to pay the debt of a third person, without consideration, and by parol. Mr. Pruyn was requested to call on the defendant in relation to the payment of *the plaintiff's demand for lumber sold to Mr. Rowley;* and it was that debt which the defendant promised he would pay, on a certain condition. It was not a promise to pay to the plaintiff the debt which the defendant owed Rowley. It does not appear that any such promise was ever made by the defendant to the plaintiff, or to his agent. Mr. Pruyn also testified that the defendant promised to pay the draft, deducting the $9. It will not be claimed that this was such an acceptance of the draft as would bind the defendant. No person can be charged as acceptor, unless his acceptance is in writing and signed by himself or his agent. (1 *R. S.* 768.) This case, then, must rest upon the facts that occurred at the settlement between Rowley and the defendant. It was then found that the defendant owed Rowley, for his labor, $150, and the defendant gave his note to Rowley for all except $87, and agreed with Rowley to pay that sum to the plaintiff. Here was no privity of contract between the plaintiff and the defendant. No new consideration passed from Rowley to the defendant. Rowley left $87 of his demand unpaid, and the defendant promised Rowley he would pay that sum to the plaintiff. In *Barker* v. *Bucklin*, above cited, B. being indebted to the plaintiff sold property to the defendant, on his agreeing to pay the price of it to the plaintiff, on account of his demand

Blunt *v.* Boyd.

against B. And it was held that, on a declaration properly framed, the plaintiff might maintain an action against the defendant on such promise. The defendant had, in effect, received money from B. for the plaintiff's use. In this respect that case differed widely from the one we are now considering. In the latter, there was no new and distinct consideration for the promise. The defendant received nothing for the plaintiff's use. He had previously had the benefit of the labor of Rowley, for which he still owed him. Rowley gave the defendant no receipt, and no discharge from his indebtedness. He placed nothing in the hands of the defendant, for the plaintiff. If he had received from the defendant all the money due to him, and then had paid back to the defendant $87, for the plaintiff—the defendant agreeing to pay it to the plaintiff—this action could have been maintained. And such payment would not have been a mere form. It would have changed the substantial rights of the parties to the contract. It would have discharged Rowley's claim against the defendant, for the previous labor, which, as the business was in fact transacted, was left unpaid.

An examination of the conflicting cases in which suits have been brought by a person not a party to the contract, but for whose benefit the contract was made, will show that the question whether the defendant had received money or property as a consideration for the promise, has in general been regarded as the controlling circumstance. These cases are collected and compared in *Barker* v. *Bucklin.* In *Farley* v. *Cleveland,* (4 *Cowen's Rep.* 432,) Moon was indebted to the plaintiff in the sum of $100, for which the plaintiff held his promissory note. After the maturity of the note Moon sold and delivered to the defendant, Cleveland, a quantity of hay worth $150, in consideration of which Cleveland promised to pay the amount due on Moon's note. The plaintiff was nonsuited in the common pleas, on the ground that the promise was void within the statute of frauds, but the supreme court reversed the judgment of the court of common pleas. In giving the opinion, Savage, Ch. J. said : " In all these cases, founded upon a new and ori-

Blunt *v.* Boyd.

ginal consideration of benefit to the defendant or harm to the plaintiff moving to the party making the promise, either from the plaintiff or the original debtor, the subsisting liability of the original debtor is no objection to the recovery." The judgment of the supreme court, in that case, was afterwards affirmed in the court for the correction of errors. (*See* 9 *Cowen*, 639.) In *Ellwood* v. *Monk*, (5 *Wend*. 235,) the defendant was held liable to the plaintiff on a promise he had made to J. M. to pay his debt to the plaintiff, upon the ground that the defendant had received property from J. M. as a consideration for the promise.

In all cases there must be a new and distinct consideration for the promise, moving to the defendant, either from the plaintiff or from the party indebted to the plaintiff. Such a consideration is wanting in this case. Indeed the proof shows no consideration for the promise sought to be enforced. If Boyd gave credit to Rowley for the amount of the draft, on receiving it, he would of course charge it to him again, on the defendant's refusing to pay or accept it, or else avail himself of Rowley's liability on the draft. There was never any discharge of the indebtedness from Rowley to Boyd, nor of that from the defendant to Rowley.

The whole case rests upon a naked promise from the defendant to Rowley, made without consideration, that he would pay to the plaintiff a debt that Rowley owed to the plaintiff. And there is no view of the case in which the action can be sustained. It is clearly not a case in which the demand of Rowley can be assigned to the plaintiff, so as to be sued in his name.

The judgment of the Albany mayor's court must therefore be reversed, with costs.

WATSON, J. concurred.

HARRIS, J. *dissenting*. This clearly is not a case within the statute of frauds. The question is, whether Boyd can maintain an action upon a promise made to Rowley for his

Blunt v. Boyd.

benefit, the consideration for such promise moving from Rowley, and not from Boyd.

A writer in the American Jurist, cited in *Barker* v. *Bucklin*, states the rule in very explicit terms. " It is now well settled, that, in general, if one person make a promise to another for the benefit of a third, the third may maintain an action upon it, *though the consideration does not move from him.*" If the promise of Blunt to pay the debt of Rowley to his creditor, the now defendant, had been founded upon a then present consideration moving from Rowley to Blunt, then it is not denied that this action would be maintainable. Thus, if instead of allowing Blunt to retain the $87, upon his promising to pay the debt specified, he had received the amount and immediately returned the same to Blunt, upon his promise to pay the same to the now defendant, then this action, it is admitted, could have been maintained. But I am entirely unable to discover any foundation for such a distinction, either in principle or in the adjudged cases. It is enough, I think, that the promise is founded on value received, and that value may as well consist in an existing indebtedness, as a consideration paid at the time of making the promise. It is true, the liability of Rowley to Boyd would still exist, but it has been repeatedly held that the continuance of such liability of the original debtor, is no objection to a recovery in such a case. Any consideration which would have been sufficient to sustain the promise, if it had been to pay Rowley instead of his creditor, will be sufficient to sustain the promise to pay the creditor.

But it may be said that if this action be sustained, Blunt may be subjected to a double liability : it is clear, however, that the payment of the debt to Boyd, would be an available defence against an action by Rowley. Suppose that in the case of *Farley* v. *Cleveland,* Farley had chosen to bring his action against Moon, his original debtor, can it be doubted that Moon, being obliged to pay the debt to Farley, might have maintained an action against Cleveland for the hay ? But the fact that Cleveland might then be made liable to Moon, furnished no answer to the action by Farley, on his promise to pay the debt.

Nor in this case should the fact that Blunt might, upon his failure to pay, according to his promise, be liable to Rowley, constitute any ground of objection to an action by Boyd, upon an express promise to pay the debt.

Judgment reversed.

