## Burrows *et al. v.* Robertson.

Where in an action on a promissory note, the defendant answered, admitting the execution of the note, but denying the indebtedness, and alleging that in the autumn of 1855, one T. being indebted to the defendant in the sum of $1500, a contract was then entered into between defendant, the plaintiffs, and said T., which contract was verbal, but was to the following effect: That said T. agreed to pay at maturity the note sued upon, charging to defendant's account the amount, and the plaintiffs agreed to look to said T., and him alone, for the payment of said note, and release defendant from the payment of the same; and by virtue of said verbal contract, did then and there release the defendant from the payment of the same; and where the plaintiff demurred to so much of the answer as set up the said agreement, which demurrer was sustained by the court; *Held*, 1. That the answer did not show a complete agreement between all the parties; 2. That although the plaintiff might resort to T., in the first instance, so far as regards his promise, yet until T. had paid the note, the defendant could not successfully plead the contract.

*Appeal from the Polk District Court.*

Saturday, October 23.

Action upon a promissory note. The defendant answer-

ing, admitted the execution of the note, but denied that he is now indebted as alleged, or in any less sum.— He then alleges, that in the autumn of 1855, one Mark Thompson, being indebted to him in the sum of fifteen hundred dollars, a contract was then entered into by and between defendant, the plaintiffs, and said Thompson; which contract was verbal, but was to the following effect: That said Thompson agreed to pay, at maturity, the note sued upon herein, charging to defendant's account the amount, and the plaintiffs agreed to look to said Thompson, and him alone, for the payment of said note, and release defendant from the payment of the same; and by virtue of said verbal contract, did then and there release defendant from the payment of the same.

To this answer the plaintiffs demurred, assigning as causes that the contract set out, was not in writing; and that no consideration is alleged as moving to the plaintiffs. The court sustained the demurrer, and the defendant refusing to answer further, judgment was rendered against him for the amount due on the note, from which he appeals.

*Brown & Ellwood*, for the appellant.

*S. V. White*, for the appellee.

WOODWARD, J.—It might, perhaps, be admitted that Thompson would be liable upon his promise to the plaintiffs. 2 Stark. on Ev., 345—6, note, (edit. of 1854); Brown on Stat. Frauds, sec. 165, *et seq*; where it is laid down that when the contract is, in effect, a promise to pay one's own debt, it is not within the statute. But this is on the question, whether one standing, as Thompson does, is bound. Admitting his liability, however, and it does not follow, of course, that Robertson is discharged. *Barber* v. *Backlin*, 2 Denio, 49; *Blunt* v. *Boyd*, 3 Barb., 209.

There has not fallen under our notice, any case precisely illustrating the position of Robertson; but Parsons on

Con., 302, says: "It is quite certain that the party *for* whom the promise is made, must be liable to the party *to* whom it is made; and it is equally necessary that he continue liable after the making of the promise. In other words, the promise of the party undertaking, must not have the effect, prior to its performance, of discharging the party originally liable;" that is, this must be the state of the case, in order to bring it within the reach of the statute at all, and then, whilst the promisor becomes liable, as collateral, the original debtor remains liable as before.

In the contract, as stated by the defendant, we do not see sufficient to make a complete agreement among all the parties. Admitting that there is enough to bind Thompson, and perhaps the plaintiffs, too, yet there is not enough alleged to make the contract complete as to the defendant Robertson. He does not agree to credit Thompson the amount, nor to release him; and it appears from the action itself, that the plaintiffs have not delivered up the note, nor is it stated that they agreed to do so. Time does not permit us to enlarge upon the question. In our opinion, although the plaintiffs might resort to Thompson, in the first instance, so far as regards his promise; yet, until Thompson has paid, the defendant cannot successfully plead the contract.

After this, nothing remained of the answer to reply to. As we construe the answer, it is thus: The defendant admits the execution of the note, but says he does not owe, for the following reasons—and then proceeds to set forth the following matter, which constitutes the whole substance of the answer, and which he pleads as the legal reason why he does not owe.     The judgment is affirmed.