JOHN LESSENICH, v. W. F. PETTIT, Appellant.

1 **Promise to Pay Debt of Another** is enforceable if made before the debt is created, and where credit is given because of the promise.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

FRIDAY, OCTOBER 5, 1894.

ACTION at law to recover from defendant an amount alleged to be due for board furnished to another. There was a trial by the court without a jury, and a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*R. H. Brown* for appellant.

No argument for appellee.

ROBINSON, J.—I. The plaintiff is a hotel keeper engaged in business at Sioux City. He alleges that in August, 1891, he entered into an oral agreement with the defendant, by which the latter agreed to pay to the former six dollars per week for board and lodging to be furnished to one Carl Meyers, and that board and lodging were furnished to Meyers, under that agreement, for a period of twenty-one weeks, for which the defendant is liable. At the time the agreement in question was made, the defendant was interested in

the organization of a corporation known as the Willow-Ware Company. Meyers was a worker in willow-ware, who was boarding with plaintiff. It was arranged that Meyers should be foreman of the company. But its organization was not completed until November, 1891; it has never commenced business, and Meyers has not performed any labor for it. At the time in question, he was out of money, and out of work, and had about decided to leave Sioux City when the arrangement in controversy was made. The plaintiff claims that the defendant agreed to be personally responsible for the board and lodging of Meyers, and that they were furnished on the credit of defendant, and charged to him, after the twentieth day of August, 1891. The court found the claim thus made to be sustained, and rendered judgment in favor of the plaintiff for the sum of one hundred and five dollars and costs. The defendant denies that he ever agreed to pay for board and lodging to be furnished to Meyers, and alleges that, as an officer of the Willow-Ware Company, he said to the plaintiff that if Meyers entered the employment of the company, as it was expected he would, and earned sufficient money, the defendant would endeavor to see that sufficient funds were retained in the hands of the company, when due Meyers, to pay the plaintiff for the board he should furnish Meyers, but that sufficient funds have never been earned by Meyers for that purpose. He also alleges that the agreement was required to be in writing, by the statute of frauds. We think the claim of plaintiff as to what the agreement was is more reasonable, and better sustained by the evidence, than that of defendant. At the time it was made, Meyers was out of work. There is nothing to show that he failed to pay his board when he had work, and there was no occasion for the defendant or the proposed company to guarantee the payment from money he should earn; but it was the desire of both plaintiff

and Meyers that the board of the latter should be provided for until he should procure work, and be able to pay from his earnings. The defendant wished him to remain in the city in order that his services might be available for the company when needed. There is some evidence showing promise of payment made by the defendant after the agreement in question was made. On the other hand, it is not probable that plaintiff would have accepted a promise on behalf of a company which had no organized existence, and which could not be made liable by such a promise before it was organized, to withhold money, in the uncertain event that it should be earned by Meyers, for board which was desired for him.. We are of the opinion that the district court was fully authorized by the evidence to find that the defendant agreed to pay to the plaintiff the price of the board and lodging which were furnished to Meyers during the time in question, and that plaintiff so furnished them on the faith of that agreement and on the credit of defendant, and looked to him alone for payment; also that the agreement was made by defendant, in part, for his own benefit, as organizer and prospective manager of the proposed Willow-Ware Company, and that it was an original undertaking by him, and not within the statute of frauds. *French v. French*, 84 Iowa, 656, 51 N. W. Rep. 145; *Benbow v. Soothsmith*, 76 Iowa, 151, 40 N. W. Rep. 693; *Bank v. Studeman*, 74 Iowa, 104, 37 N. W. Rep. 112; *Johnson v. Knapp*, 36 Iowa, 616.

II. The appellant discusses various assignments of error based upon the admission and exclusion of evidence. We have examined the questions thus presented, but do not find any ground for disturbing the judgment of the district court. AFFIRMED.