McElwain & Son, Appellant, v. Mark Stewart et al., Appellees

**FRAUDS, STATUTE OF:** Debt or Default of Another—Assumption of
1  Another's Obligation. An oral arrangement under which a landlord orders goods charged to himself and delivered to his impecunious tenant, and for the ultimate repayment of which the landlord takes chattel security from the tenant, is not within the statute of frauds.

**APPEAL AND ERROR:** Affirmative Showing—Exclusion of Testi-
2  mony. Error in the exclusion of an answer to a question sufficiently appears when the record as a whole clearly demonstrates what the answer *would have been,* and that such answer was material.

*Appeal from Monona District Court.*—Miles W. Newby, Judge.

JUNE 23, 1922.

ACTION on an account. Directed verdict for all defendants except Mark Stewart, against whom judgment was entered. Plaintiff appeals.—*Reversed.*

*Prichard & Prichard,* for appellant.

*C. E. Underhill,* for appellees.

Stevens, C. J.—This is an action upon an account for goods and merchandise alleged to have been furnished by plaintiff, a copartnership, to Mark Stewart, at the instance and request of the defendants Grimes & Kibler. During the year 1919— 1920, Stewart occupied, as tenant, a farm owned by L. W. Kibler and J. W. Grimes, jointly. The last named parties comprise the firm of Grimes & Kibler. N. C. Gray, who was the

agent for defendants at Blencoe, near which their farm was situated, testified that Stewart was without means of obtaining groceries and other necessities for the use of himself and family during the term for which he had leased the farm of defendants; that he so informed Grimes, who authorized him to make an arrangement with plaintiff to furnish Stewart goods and merchandise from its store, and charge the same to defendants; that such an arrangement was effected, and groceries and other merchandise furnished to Stewart thereunder. Statements of the account were, from time to time, delivered to Gray and forwarded by him to Grimes, who paid the same by check, signed "Grimes & Kibler, by J. W. Grimes." Grimes & Kibler took a chattel mortgage for $500 from Stewart, to secure them for advances made to him through plaintiff. Plaintiff continued to supply Stewart with merchandise until January 8, 1921, when Gray notified plaintiff to furnish no more goods to Stewart. The mortgage given by Stewart to Grimes & Kibler was foreclosed. The balance claimed to be due at the time of the trial was $336.08.

E. R. McElwain, called as a witness in plaintiff's behalf, testified that the balance due on the Stewart account was $336.08, and that the last item thereof was on January 8, 1921. He was then asked at whose instance and request the goods were furnished to Stewart. Objection was interposed by counsel for defendants to this question, upon the ground that the alleged arrangement between defendants and plaintiff was void, under the statute of frauds, because not in writing, and amounted only to an agreement to answer for the debt of another. The court sustained the objection, because of "the way in which the question was put." Counsel did not change the form of the question or pursue the inquiry further, nor did they state what the answer of the witness to the question would have been. Later, plaintiff offered in evidence 31 separate sheets, on which the account sued upon was kept. McElwain testified that the separate sheets contained the original entries of the account. The form of these exhibits was objected to, upon the ground that they were not proper or competent evidence of the book of account, not being the original entries of any account with the

defendant Mark Stewart. The objection was sustained. Each separate sheet showed an account of McElwain & Son with "Mark Stewart, by N. C. Gray, agent for Grimes & Kibler." No other evidence being introduced by plaintiff, the court sustained defendants' motion for a directed verdict, upon the grounds that plaintiff had offered no competent evidence to show a binding agreement upon the part of the defendants, except Mark Stewart, and that it appeared affirmatively therefrom that the transaction and agreement shown were within the statute of frauds.

The objections made by counsel to the offered testimony did not, in the first instance, go far enough. If the question was objectionable, it must have been upon the ground that it called for the conclusion of the witness. No such objection was made.

The arrangement, as shown by the evidence of Gray, was clearly not within the statute of frauds. The undertaking of defendants was not to answer for the debt of another,—it was an original oral agreement for the purchase of merchandise to be furnished to Stewart, to secure the payment of which they had taken a chattel mortgage upon the property of Stewart. The arrangement, according to Gray, was to continue during the term of the lease. The arrangement was in no sense to pay the debt of another. Stewart was a tenant upon defendants' farm, and defendants undertook to aid him to secure the necessaries of life during the term of the lease. The mere fact that the goods were delivered to Stewart from time to time, as requested by him, does not relieve defendants from liability. *Lessenich v. Pettit*, 91 Iowa 609, and cases therein cited.

1. FRAUDS, STATUTE OF: debt or default of another: assumption of another's obligation.

It is true that counsel did not state what he expected the answer of McElwain to be, to the question as to at whose instance and request the merchandise would be furnished; but the record leaves no doubt upon that point. Plaintiff alleged in its petition that the goods were furnished under an arrangement with defendants Grimes & Kibler, and testimony had already been offered in support of this allegation of the petition.

2. APPEAL AND ERROR: affirmative showing: exclusion of testimony.

Whether or not the sheets containing the items of the account were properly identified, or shown to be the original entries, the testimony of McElwain that there was a balance due of $336.08 was competent, and was received without objection. While no direct evidence was offered that the items making up the account were for merchandise furnished Stewart under the arrangement with defendants, there was sufficient in the record to justify the jury in so inferring. Gray testified that merchandise was furnished to Stewart by plaintiff, until about the first of January, and that defendants, from time to time, sent checks to him to pay the same; that, as soon as he was requested by defendants to notify plaintiff to discontinue the arrangement, he did so; and that no goods were furnished after January 8, 1921.

The motion for a directed verdict should have been overruled. For this reason, the judgment of the court below is—*Reversed*.

WEAVER, PRESTON, and DE GRAFF, JJ., concur.