[Filed January 11, 1886.]

## F. R. STRONG *v.* JACOB KAMM and S. W. BROWN.

CONTRACT—STATUTE OF FRAUDS.—An agreement by a vendee to pay a balance of the purchase price to a stranger to the contract is not within the statute of frauds.

SAME.—Such an agreement can be enforced by the vendor, and also by such third person, if made for his benefit.

EVIDENCE—AMBIGUOUS ENTRIES IN ACCOUNT-BOOKS—PAROL TESTIMONY.—An entry in a book of accounts, if ambiguous, may be explained by parol, but it cannot be shown to mean something which its language does not import.

APPEAL—ERROR—INSTRUCTION TO JURY.—An erroneous instruction is not cause for reversal where it affirmatively appears that it could not have injured the appellants.

MULTNOMAH COUNTY. Defendants appeal. Affirmed.

*Joseph Simon,* for Appellants.

*Thomas N. Strong,* for Respondents.

THAYER, J.   The respondent commenced an action against the appellants to recover a balance of $464.42 alleged to have been due from the appellants to one William Stevens upon a sale of a tract of land to them by the said Stevens, and that the claim therefor had been assigned by the latter to the respondent.   It appears from the pleadings in the action that the price of the land sold was $10,000; that the appellants were to pay said price by the transfer to the said Stevens of other real property, by assuming two mortgages upon the land conveyed to them, and the balance, being said $464.42, to be paid either to the said Stevens, or to a. firm in Vancouver known as Moore, Stevens, & Brother; the respondent claiming in his complaint that said balance was to be paid to Stevens; the appellants claiming in their answer that it was to be paid to the said Moore, Stevens, & Brother, and that they had duly paid it to the said firm.   This is the only issue presented by the pleadings to the court below for trial.   The respondent having, by his reply, denied the appellants' allegations in their answer that said balance was to be paid to said firm, or that such payment had been made, or that said appellants were authorized or empowered by said William Stevens to pay Moore, Stevens, & Brother the same, the case was tried by said Circuit Court, and a jury duly impaneled, who returned a verdict in favor of the respondent for said balance, and upon which the judgment appealed from was entered.   The appellants claimed, upon the trial in the court below, that this balance was to be paid by giving credit, upon the books of the firm of Moore, Stevens Brothers, & Co., to Moore,

Stevens, & Brother, and charging the appellants with said sum; the appellants and Moore, Stevens, & Brother having been, prior to that time, partners, and interested in said firm of Moore, Stevens Brothers, &. Co. There was no allegation in the answer of such fact; but it seems to have come out on the proof. In order to show that said credit had been given upon the books of the firm of Moore, Stevens Brothers, & Co., the appellants called as a witness one James A. Snodgrass, who testified that he had been the book-keeper for the said firm of Moore, Stevens Brothers, & Co., and still had charge of the books of account of said firm; that said firm was dissolved; that prior to and upon such dissolution, it was agreed by the members of the firm that said witness and the appellant Brown should collect all the accounts due the firm, and settle up its business, and that they had since that time been so engaged; that early in October, 1883, the appellant Brown, and A. S. Moore, who had been a member of said firm, came to the office of the witness, and after computing the amount that would be due of the purchase price of the said land conveyed to appellants, and ascertained the balance aforesaid, directed said witness to credit Moore, Stevens, & Brother, upon the books of Moore, Stevens Brothers, & Co., with such balance, and to charge the appellants therewith; that thereupon said witness made therein an entry, which, when produced, read as follows:

*Moore, Stevens, & Brother.*                                              *Cr.*
By cash paid S. W. Brown, to apply on account . . . . . . . . . . . . . . . . . .$464 42

The said entry was read to the jury. The appellants' counsel then asked the witness, in substance, if, when he received money from any person, and gave such person credit therefor on the book in which the accounts were kept, and stated in such credit entry the name of the person to whom the money credited was paid, whether

he regarded that statement as a charge against the person so receiving the money, without any further formal charge against him in such book. Also what was the witness's understanding of the entry made by him, by direction of A. S. Moore and S. W. Brown, of $464.42 to Moore, Stevens, & Brother, cash paid S. W. Brown, as to its being a charge to Brown for that sum, according to his system of book-keeping. The respondents' counsel objected to each of said questions, and the court sustained the objection, and allowed the appellants' exception to the ruling. William Stevens, the assignor, was not shown to have been a member of the firm of Moore, Stevens,. & Brother, or of that of Moore, Stevens Brothers, & Co. The parties having both rested, the appellants' counsel asked the court to give the following instructions to the jury: "If you believe from the evidence that Kamm and Brown so understood the contract entered into with Stevens that they were not to pay any part of the consideration for the purchase of Stevens' farm in money,. then the plaintiff cannot recover in this action"—which the court refused, and the appellants' counsel saved an exception to the ruling.

The Circuit Court also instructed the jury that "the evidence introduced by the defendant tends to show that. the contract, if there was one, was that Brown and Kamm were to pay an indebtedness of Moore, Stevens, & Brother, or a portion of it, so far as this would pay it, to this mill company. That contract, if there was such a one, could not have been enforced by Moore, Stevens, & Brother against Kamm and Brown, because it was not in writing;" to which the appellants' counsel excepted. The said court further instructed the jury that "it was conceded that the contract was not in writing; but although it may have been avoided—that is, it may have been. such a contract as could not be enforced by Moore,.

Stevens, & Brother—if such a contract was entered into, and was afterwards fulfilled by Kamm and Brown, then that exonerates them from the payment to the plaintiff [respondent] or to William Stevens, although the contract may have been void in its inception, so that it could not be enforced by Moore, Stevens, & Brother. If it had been consummated by Brown and Kamm, that relieves them from further payment of that sum of money to anybody. It amounts to payment to the plaintiff [respondent]. But you are to judge of the fact as to whether there was such a contract, and as to whether it has been complied with by Brown and Kamm. If there was such a contract, and they have partly performed it, then I think that takes it out of the statute, and makes it a valid contract, the remainder of which may be enforced by a suit by Moore, Stevens, & Brother against the defendant [appellant]. You have seen this account, which has been offered in evidence here, contained in this book. That is the only attempt at payment of this claim here—whatever that entry amounts to. But if you believe that there was a contract that Brown and Kamm should pay this in that manner, by paying the indebtedness of Moore, Stevens, & Brother, if there was any, to this mill company, and that they have either in whole or in part canceled that indebtedness of Moore, Stevens, & Brother to the mill company, then they must recover in this case, if, as I have said, the plaintiff, or rather William Stevens, authorized them to pay this money in that manner. But if he did not authorize them to pay it in that way, then it makes no difference whether they have given them credit or not, they could not relieve Brown and Kamm of their obligation to pay Stevens unless he had authorized them to pay it in that way."

The only issue made by the pleadings, as I have already suggested, is whether the appellants, by their con-

tract with William Stevens, were to pay said balance to Moore, Stevens, & Brother, or were to pay it to the said Stevens; and whether, if the said contract was to pay said balance to said Moore, Stevens, & Brother, the appellants had performed it. The first question for the jury was to find what the contract was in that respect. If they found that it was that the appellants were to pay Stevens the balance, that would end the matter. Their duty would in that case have been to return a verdict for the respondent, assuming that the claim had been duly assigned to him. If, on the other hand, they should find that this balance was to be paid to Moore, Stevens, & Brother, then, in order to find for the appellants, they would have to find still further that it had been so paid. The appellants pleaded payment. They alleged that it was to be made to Moore, Stevens, & Brother, and not to William Stevens. If they succeeded in establishing that by their evidence, it would not relieve them from the necessity of going forward still further, and proving that they had paid it to Moore, Stevens, & Brother. But they must first show that the contract was as they claimed it to be, else they had no defense, even though they made the payment to Moore, Stevens, & Brother. The question was to whom this balance was to be paid; and had it been paid? The statute of frauds had nothing to do with it. If the contract were that the payment was to be made to Moore, Stevens, & Brother, it would have been just as valid as if it had been that the payment should be made to William Stevens himself, and he had the same right to enforce it in either case. Whether Moore, Stevens, & Brother could have enforced it, if the payment was to have been made to them, was wholly irrelevant to the issue. Of course, if it had been made for their benefit, they could have enforced it, although not

parties to it. (*Baker* v. *Elgin,* 11 Or. 334.)   But that question was not in the case.

The questions to the witness Snodgrass, as to how he regarded the form of entry made in the account-book, or what his understanding of the said entry of the $464.42 was, as to its being a charge to Brown for that sum, according to his system of book-keeping, were not, in my opinion, admissible.   If it were necessary to show that the appellants had been charged with said balance upon the books of Moore, Stevens Brothers, & Co., it would have to be shown by affirmative evidence of that fact. The entry given in evidence might, if ambiguous, have been explained; but I do not think it could have been made to mean that some other act had been done which its language does not import.   It cannot, it seems to me, be inferred from the entry that the appellants were charged with said sum, no matter how Mr. Snodgrass may have regarded the entry, or what his understanding regarding it may have been.   Its language expresses no such fact, nor do I believe it could be so construed as to include it.   I attach no importance to the questions, for I do not believe the case was determined by the jury upon any such questions.   It was a part cancellation of the indebtedness, to say the least.   If the contract, as to the payment of the balance, was as the appellants claimed, and if the jury had found that such was the contract, they would, under the instructions of the court upon that point, have found for the appellants.

The instruction asked for by the appellants' counsel, that if the jury believed that Kamm and Brown understood, from the contract, that they were not to pay any part of the consideration in money, the respondent could not recover, was properly refused.   The question was not what they understood: it was what they agreed to do. They obtained from Stevens the land, and were to pay

for it in some way.   They allege that themselves, but say in their answer that it was to be paid for "by paying the balance of the said sum of $10,000 to Messrs. Moore, Stevens, & Brother;" but they do not allege that it was not to be paid in money, which the law would imply in the absence of qualifying language, and I doubt very much whether, under that allegation, they would have the right to claim that they were not to pay said balance in money.

The instruction in regard to the statute of frauds has already been commented upon.   Standing by itself, it is erroneous; but I am satisfied that the other part of the charge rendered the error harmless.   The circuit court submitted the issue fairly to the jury, although he wove into it a mistaken notion of the law.   The court told the jury that, although the contract might have been avoided, yet if it had been fulfilled by the appellants, that would exonerate them from the payment to the respondent or Stevens, and of course the appellants could claim no benefit from the contract, as they alleged it to be, unless they had fulfilled it.   I cannot see that the instruction could possibly have done the appellants any injury.   I think it affirmatively appears from the record that it could not have injured them.   The judgment will therefore be affirmed.

The chief justice did not sit in this case.