### G. L. WARE v. ALLEN, WEST & BUSH.

<div style="float:right">64 545<br>84 238</div>

STATUTE OF FRAUDS.   *Promise to debtor to pay a debt for him.*

A promise made to a debtor to pay a debt which he owes to a third person is not a promise to answer for the debt of another, and, therefore, not within the statute of frauds.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

G. L. Ware owned a certain stock of goods on which he had executed a mortgage in favor of Allen, West & Bush. One J. B. Allen had recovered a judgment in the federal court against G. L. Ware, and his interest in the goods as mortgagor was subject to the judgment of J. B. Allen. By an agreement between the various parties interested, the goods were sold to Harris, Dodds & Co. G. L. Ware filed his declaration in this action against Allen, West & Bush in which he set out the above facts, and further " that in the said sale to Harris, Dodds & Co. it was distinctly understood and agreed between plaintiff and Allen, West & Bush, and as a part of the consideration and arrangement by which said plaintiff let go his interest in said goods to said Harris, Dodds & Co., that said Allen, West & Bush were to assume and pay " the judgment of J. B. Allen against plaintiff, but defendants failed and refused to pay said judgment, and plaintiff has been compelled by execution to pay the amount thereof to said J. B. Allen, and the sum thereof is now due from defendants to plaintiff in this action.

The defendants pleaded that the alleged undertaking and promise was not in writing. The plaintiff demurred to this plea, the court overruled the demurrer, and the plaintiff having declined

64 MISS.—35.

to reply to the plea, judgment was rendered for the defendants. The plaintiff appealed.

*Harris & Dodds,* for the appellant. ·

The demurrer of appellant to defendants' plea, setting up the statute of frauds, we insist should have been sustained, because the promise of the defendants to pay the judgment against G. L. Ware in the federal court was in consideration of the sale of the goods, wares, and merchandise by appellant and Allen, West & Bush to Harris, Dodds & Co. The promise of Allen, West & Bush is expressly made a part of the consideration for which G. L. Ware, appellant, with Allen, West & Bush, effected the sale of the goods to Harris, Dodds & Co., and the declaration *shows* this. The sum of the cause of action in the declaration is that for appellants joining in the sale of his interest in the goods, wares, and merchandise with Allen, West & Bush to Harris, Dodds & Co., they, Allen, West & Bush, assumed and promised to pay the judgment against Ware, and appellant having been forced to pay the same, his right of action seems complete against the defendant.

*Calhoon & Green,* on the same side.

The complaint in appellant's declaration is that, as part of the consideration inducing him to sell his claim of interest in a stock of goods, appellees agreed with him that they would pay the costs taxed against him in a certain lawsuit, and that they did not, and he had to.

Here was a distinct primary promise to pay his debt to another as a consideration for the transfer of his property:

To this declaration they plead that their promise was not in writing, and the court below overruled his demurrer to that plea..

If this case does not gain itself for appellant upon its mere statement, no amount of argument can gain it.

*Thompson & Sexton,* for the appellees.

It will be seen that the declaration is based upon the contract for the sale of the goods by plaintiff and defendants to Harris, Dodds & Co. If it was intended to plead a promise by defendants to the plaintiff it should have been averred distinctly.

But conceding, for the sake for argument, that the promise was made to the plaintiff, what is its legal nature and substance?

If the suit had been brought by J. B. Allen, to whom it was promised that the money should be paid, it is clear that a writing would be essential to the maintenance of the action. It will be noticed that the party to whom the money was to be paid did not assent to the agreement and the plaintiff's liability continued.

The contract averred in its nature is, and it has all the elements of, a simple contract of indemnity. It was nothing more nor less than an obligation on the part of appellees to save appellant harmless from the judgment against him. If the contract be treated as one of indemnity it is within the statute of frauds. *May* v. *Williams*, 61 Miss. 125.

ARNOLD, J., delivered the opinion of the court.

The demurrer should have been sustained. The plea to which it was applied constituted no defense to the action. A promise made to a debtor to pay a debt which he owes to a third person is not a promise to answer for the debt of another within the meaning of the statute of frauds. The statute applies only to promises made to the person to whom another is answerable. Browne on Frauds, § 166 ; *Eastwood* v. *Kenyon*, 11 Ad. & E. 438 ; 3 Parsons on Con. 24, 26 ; *Crim* v. *Fitch*, 53 Ind. 214 ; *Lee* v. *Newman*, 55 Miss. 365.

The promise of appellees as alleged in the declaration was not made to the creditor of appellant, but to appellant, and it was agreed that in consideration that appellant would part with his interest in the stock of goods, appellees would pay a debt which he owed to a third person. Such promise was no more within the statute of frauds than it would have been if appellees had promised to pay directly to appellant so much money for his interest in the stock of goods. The transaction was about as free from all the requirements of the statute of frauds as one well could be.

*The judgment is reversed and the cause remanded.*