.THE CLINTON NATIONAL BANK v. STUDEMANN;
INGWERSEN, Intervenor.

1. **Sale:** DELIVERY: SUBSEQUENT LEVY WITH NOTICE. Defendant
sold and delivered the cattle in question to intervenor, who at
once delivered them back to defendant, to be cared for until the
following Monday, and then driven to B., which services defend-
ant was to perform for intervenor as part of the contract of sale.
*Held* that. this sale was valid as against defendant's creditors, on
whose behalf the sheriff, with notice of the facts, levied on the
cattle as the property of defendant, while they were yet in his
possession.

2. **Garnishment:** AGREEMENT TO PAY DEFENDANT'S DEBT: STATUTE
OF FRAUDS: RIGHTS OF GARNISHEE. S. sold cattle to I., and as a
part of the purchase price I. orally agreed to pay a debt of five
hundred dollars owing by S. to another. *Held* that such agree-
ment was not within the statute of frauds, and that I., when
garnished as a debtor to S. for the price of the cattle, should have
been permitted to retain out of the purchase price the five hun-
dred dollars which he had so agreed to pay to another, as he was
legally holden to such other party therefor.

3. **Appeal:** FOUNDATION FOR: DEMAND IN LOWER COURT. When a
party to an action has once properly demanded a right which has
been denied him by order of the court, he is not required to make
the same demand, in substance, a second time, in order to be
entitled to an appeal.

4. ———: KIND OF PROCEEDINGS: INTERVENTION IN ATTACHMENT.
A proceeding by intervention in an attachment suit, under section
3016 of the Code, is not necessarily of an equitable nature, and
cannot be so regarded on appeal when not so treated in the court
below.

*Appeal from Clinton District Court.*—HON. A. J.
LEFFINGWELL, Judge.

FILED, MARCH 9, 1888.

ON THE eighth day of January, 1887, the plaintiff
commenced its action against defendant.   A writ of
attachment was issued, and on the ninth and tenth days

of January, 1887, the sheriff levied the same upon a large amount of property, including that in controversy, and garnished the intervenor. The plaintiff subsequently filed a supplemental petition, in which he asked that the sheriff be appointed receiver of the attached property, with authority to convert the same into money, and that all attachment liens be preserved against the money received, the same as against the property. Plaintiff also asked that the money realized by the sheriff be used in paying costs and expenses, and the claims of attaching creditors, in the order in which they were levied. On the day this supplemental petition was filed, Ingwersen filed his petition of intervention, in which he claimed to be the owner of the property in controversy. He alleges that he purchased it on the eighth day of January, 1887, at the homestead of defendant, to be delivered at Bryant, Iowa, and that, as a part of the consideration of purchase, the intervenor assumed and agreed to pay to Ingwersen Bros., of Chicago, five hundred dollars, which amount was then owing to them for money loaned to defendant for the purpose of fattening the eighteen steers and one cow which constitute the property in controversy; that said cattle were then and there turned over to intervenor by defendant, and were immediately placed back in the hands of defendant to be taken care of, and driven to Bryant on the following Monday; that three or four days later, and after the levy, intervenor wrote to Ingwersen Bros., informing them that he had assumed the payment of said debt. Intervenor also alleges that the sheriff received notice before levying on these cattle that intervenor had so purchased them. He asks that the sale to him be recognized and carried into effect, and that the sheriff and receiver be authorized to accept so much of the contract price as should remain after deducting the five hundred dollars to be paid to Ingwersen Bros. A demurrer to the petition of intervention was interposed. On the hearing of the supplemental petition, the several attaching creditors were represented. The sheriff was appointed

receiver of all the personal property taken under the several writs of attachment, including the property in controversy, and directed to sell and convert it into money. At the same time the demurrer was sustained in part. Intervenor electing to stand upon his petition, judgment was rendered, requiring the receiver to carry out the sale to intervenor, and requiring the latter to pay to the receiver the whole amount of the contract price, to be held subject to the further order of the court. In case the intervenor should fail to consummate said sale, and pay the contract price, within three days after demand, then the receiver was to sell the property at public auction, and to hold the proceeds subject to the order of the court. The intervenor appeals.

*Robert T. T. Spence*, for appellant.

*Geo. B. Young* and *Hayes & Schuyler*, for appellee.

ROBINSON, J.—I. The first question we are required to determine is the validity of the sale to intervenor. The petition of intervention alleges an agreement of purchase, and an actual delivery of the property thereunder. The demurrer admits these allegations to be true. The agreement of purchase, and the delivery thereunder, constituted a valid and completed sale. It is true that, after the property was delivered, it was returned to defendant to be cared for, and driven to market on a subsequent day ; but it does not appear that defendant retained any interest in the cattle, or right to their possession, adverse to intervenor. He was under obligation to care for the cattle, and drive them to the place named. But these acts were required to complete his part of the bargain, and were for the benefit of the intervenor. The sheriff had notice of these facts, and notice to him at the time of the levy was notice to the plaintiff. Therefore, the fact that defendant had actual possession of the cattle when the sheriff levied upon them is not prejudicial to intervenor, and he is entitled to the cattle or their proceeds, subject to whatever

1. SALE: delivery: subsequent levy with notice.

rights plaintiff may have acquired under the garnishment proceedings.

II. It is insisted, on the part of appellee, that appellant has no interest in prosecuting this appeal, for the reason that the judgment ratifies the sale, and only requires him to pay the contract price. It is also claimed that the contract, so far as it requires intervenor to pay anything to Ingwersen Bros., cannot be enforced, for the reason that, being an agreement to pay the debt of another, it was not in writing, and hence is within the statute of frauds. We do not think the position of appellee is well taken. The obligation of intervenor to pay the five hundred dollars was an original undertaking on his part, entered into for his own benefit. It was not only not within the statute of frauds, but was a contract which Ingwersen Bros. could have enforced by direct proceedings against intervenor (*Johnson v. Knapp*, 36 Iowa, 616, and cases therein cited; *Morrison v. Hogue*, 49 Iowa, 574); and it would be no defense to such proceedings that intervenor had paid the money into court in obedience to a judgment to which Ingwersen Bros. were not parties. The intervenor did not object to the application for a receiver, nor to the sale by him of the property, but asked that he be permitted to retain of the purchase price the amount he had agreed to pay the creditors of defendant. In other words intervenor asked that his liability as garnishee be limited to the amount of his indebtedness to defendant, and to that we think he was entitled.

*2. GARNISH-MENT: agreement to pay defendant's debt: statute of frauds: rights of garnishee.*

III. It is said the money is subject to the order of the court, and that appellant should apply for an order, for the relief to which he is entitled. But he has made application for this relief once, and was denied. He is under no obligation to make a further attempt.

*3. APPEAL: foundation for: demand in lower court.*

IV. Appellant insists that this is an equitable action. We do not understand upon what ground this

4. ——: kind of claim is based. The proceeding of appellant
proceedings:
intervention is under section 3016 of the Code. There
in attachment are no facts which require relief which a
court of equity alone can give, and the case was not
treated as in equity in the court below. We do not
think the claim of appellant in respect to this matter
can be sustained.

For the error in sustaining the first part of the
demurrer to the petition of intervention the case is

REVERSED.