Argued 13 December, 1898; decided 23 January, 1899.

## FELDMAN v. MCGUIRE.

[55 Pac. 872.]

1. CONTRACTS FOR THE BENEFIT OF THIRD PERSONS—NOVATION.—Where one has received from another some fund or property, in consideration of which he has made a promise to or entered into an undertaking with such other for the benefit of a third person, an action thereon may be maintained by such person, though not a party to the transaction.

2. PROMISE TO PAY ANOTHER'S DEBT—STATUTE OF FRAUDS.—A promise to pay another's debt in consideration of the receipt of a fund for that purpose is not within the statute of frauds, and may be proved by parol: Strong v. Kamm, 13 Or. 172, approved.

3. ASSUMING INDEBTEDNESS—EVIDENCE.—Whether one who has promised to pay debts of another has received money or property in consideration of the promise is a controlling circumstance in the transaction.

4. IDEM.—The liability of one who undertakes to pay the debts of another is not affected by the fact that the debtor remains liable to the creditor.

5. IDEM.—An agreement to pay the debts of another, in consideration of a conveyance of land, does not come within the statute of frauds where the contract as to the property is completely executed.

6. DECLARATIONS AGAINST INTEREST.—Answers filed by defendant making admissions against his interest are admissible against him in a subsequent suit between the same parties.

7. EVIDENCE.—Deeds, mortgages, and judgments making a transfer of all the property of a debtor are admissible in an action by a creditor against the transferee, who is alleged to have undertaken to pay the grantor's debts.

8. TRIAL—NONSUIT.—Where there is evidence from which a jury may reasonably infer that the allegations of a complaint are true, a nonsuit should not be granted.

9. ESTOPPEL.—A decree that deeds claimed to be fraudulent were supported by the agreement of the grantee to pay certain creditors of the grantor, does not estop another creditor from asserting that such grantee agreed to pay his claim, since defendant may have agreed to assume more of his grantor's indebtedness than he found necessary to prove to sustain his defense in the prior proceeding.

From Multnomah : E. D. SHATTUCK, Judge.

Action by Maria Feldman against W. W. McGuire. In March, 1890, one Adolph Nicolai was indebted to many persons, including the plaintiff, and transferred much of his property to the defendant and his wife. These deeds were attacked by Mrs. Feldman as fraudulent, but were sustained as having been made for a valuable consideration : *Feldman* v. *Nicolai*, 28 Or. 34. Thereupon the same plaintiff commenced this action, and recovered a judgment.

AFFIRMED.

For appellant there was a brief over the name of *Mitchell & Tanner*, with an oral argument by *Mr. Albert H. Tanner*.

For respondent there was a brief over the name of *Watson, Beekman & Watson*, with an oral argument by *Mr. Edward B. Watson*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The facts constituting the basis of this action, as exhibited by the complaint, are that prior to March 27, 1890, Adolph Nicolai was indebted to plaintiff, and that about said day the defendant, in consideration of the conveyance and transfer by Nicolai to him and his wife of certain real property, undertook and agreed with the said Nicolai to pay to the respective owners and holders thereof all his debts and liabilities, amounting to about $30,000, which comprised the indebtedness to plaintiff, and that defendant has failed to satisfy the same or any part thereof.

1. The promise or agreement of defendant with Nicolai to pay and discharge his debts and liabilities, and among them the debt to plaintiff, was not in writing; and, evidence of the verbal undertaking of defendant having been admitted over his objections, the question is presented whether the agreement as stated is within the statute of frauds, and therefore not susceptible of legal proof. The law may now be regarded as well settled in this state that where a person has received from another some fund, property, or thing in consideration of which he has made a promise or entered into an undertaking with such other, but directly and primarily for the benefit of a third, such third party may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction. In such case the third party acquires an equitable interest in the property, fund, or thing; and the law, acting upon the relationship of the parties and their treatment of the fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action: *Parker* v. *Jeffery*, 26 Or. 186 (37 Pac. 712); *Washburn* v.

*Investment Co.*, 26 Or. 436 (36 Pac. 533, and 38 Pac. 620); *Brower Lumber Co.* v. *Miller*, 28 Or. 565 (52 Am. St. Rep. 807, 43 Pac. 659); *First Nat. Bank* v. *Hovey*, 34 Or. 162 (55 Pac. 535). These cases define the scope and illustrate the application of the rule giving the action, which was established by the earlier cases of *Baker* v. *Eglin*, 11 Or. 333 (8 Pac. 280); *Hughes* v. *Oregon Ry. & Nav. Co.*, 11 Or. 437 (5 Pac. 206); *Schneider* v. *White*, 12 Or. 503 (8 Pac. 652); and *Chrisman* v. *Insurance Co.*, 16 Or. 283 (18 Pac. 466).

2. Dependent upon this principle is the question, which is now urged, whether the action can be maintained in the absence of the special quality of proof required by the statute of frauds. There is much conflict in the authorities, but the decided weight thereof supports the contention that the contract or transaction upon which such an action is based is not within the statute. The reasons urged are that the contract is not one of suretyship, but an original undertaking between the debtor and the promisor, based upon a sufficient consideration, which operates to the benefit of the creditor. The party promising has for his object some benefit or advantage accruing to himself, and on that consideration makes the promise; and this, it is said, distinguishes the transaction as an original undertaking. Furthermore, the promise is not to the creditor, but to the debtor, and is to pay such debtor the amount due him, or the consideration agreed upon, by paying or answering for it to his creditor; and the law implies the contract between the promisor and the creditor because it is incidentally for his benefit, and therefore gives him the right of action. DIXON, C. J., in *Putney* v. *Farnham*, 27 Wis. 187 (9 Am. Rep. 459), speaking of such a transaction, says: "It was a guaranty in form, but not in substance or effect, within the meaning of the statute of frauds. It was not

a mere promise by the defendant to be responsible for the debts of Corlett to those parties, and to pay those debts, but a promise by him to pay his own debt in that particular way. It was a promise founded upon a new and sufficient consideration, moving to the promisor from the debtor at the time the promise was made. Such a promise or agreement is not within the statute of frauds, and no note or memorandum in writing expressing the consideration, and subscribed by the party to be charged therewith, is required." Mr. Reed, in his work on the Statute of Frauds (section 82, vol. 1), says: "The commoner instance of the creditor's right to sue being sustained is where the guarantor has bought property of the debtor, and, in payment of the price, has engaged to assume the debt. This obligation * * * is not within the statute of frauds, being a promise to pay the promisor's own debt, the recipient of the payment being the promisor's creditor, instead of the promisor himself." In support of the general proposition that the case is not within the statute, see *Mallory* v. *Gillett*, 21 N. Y. 413; *Hoile* v. *Bailey*, 58 Wis. 434 (14 N. W. 628); *Ware* v. *Allen*, 64 Miss. 545 (1 South. 738); *Clinton National Bank* v. *Studemann*, 74 Iowa, 104 (37 N. W. 112); *Windell* v. *Hudson*, 102 Ind. 521 (2 N. E. 303); *De Walt* v. *Hartzell*, 7 Colo. 601 (4 Pac. 1201); Browne, Stat. Frauds, § 166b. The rule has been practically adopted in this state, *Strong* v. *Kamm*, 13 Or. 172 (9 Pac. 331), and, in our opinion, ought to prevail, because it is supported by reason as well as authority.

3. It is pertinent to add that the question whether the promisor has received money or property in consideration of the promise has, in general, been regarded as a controlling circumstance or factor in the transaction: *Blunt* v. *Boyd*, 3 Barb. 209.

4. The fact that Nicolai remains liable to plaintiff does

not affect the liability of defendant : *Farley* v. *Cleveland*, 4 Cow. 432 ; *Hoile* v. *Bailey*, 58 Wis. 434 (14 N. W. 628). So there was no error in admitting testimony of the oral contract or undertaking.

5.   Nor was the contract within the statute of frauds because it concerned real property.   As to such property it was completely executed.   The deeds had passed, and the title had vested in the grantees ; besides, the action was not concerning that species of property.

6.   The plaintiff, to sustain her cause, offered in evidence several exhibits, which were all received, and marked, respectively, "A," "B," "C," "D," "E," "F," and "G," over the objections of the defendant, who claims that they were entirely irrelevant, and could have had no other effect than to prejudice and mislead the jury to his injury.   Exhibit A is a deed executed and delivered by Adolph Nicolai, and Caroline, his wife, to defendant, April 1, 1890, to certain real property, reciting a consideration of $8,500.   Exhibit B is likewise a deed from Nicolai and wife to Rosalie McGuire, wife of defendant, to certain premises, executed October 20, 1890, reciting a consideration of $1.   Exhibit C is a mortgage upon property acquired from Nicolai, executed by defendant and wife to Henry Weinhard, January 9, 1891, to secure the payment of a promissory note given, of even date, by defendant to Weinhard, for the sum of $2,250. Exhibit D is the judgement roll in a suit instituted by plaintiff against Rosalie McGuire and the defendant herein, to set aside the said deed executed to her by Nicolai, upon the ground that it was a voluntary conveyance made without consideration, and with intent to defraud the creditors of Nicolai.   The defendants in that suit answered, setting up, among other things, that, as a consideration for such conveyance, they had assumed and agreed to pay about $30,000 of Nicolai's indebtedness

which he owed to sundry persons, and which included certain indebtedness owing by Nicolai to the defendant McGuire. There was a bill of particulars filed by McGuire in that case showing an aggregate of such indebtedness so alleged to have been assumed by him of $29,538.12. This suit was dismissed March 26, 1892, on motion of plaintiff, without a trial. Exhibit E is the judgment roll in a suit instituted by the plaintiff in this action, and others, against the defendant and his wife, to set aside both of the deeds heretofore denoted as exhibits A and B. To this suit the defendants interposed a like answer as was filed in the former, and it resulted after trial upon the merits, in a dismissal of the complaint. Exhibit F is the judgment roll in an action by Henry Weinhard against Adolph Nicolai, showing judgment by default; and exhibit G is a schedule of docketed judgments against Nicolai. The purpose of these exhibits, taken as a whole, and considered in connection with the defendant's own testimony, was to show that Nicolai had transferred all of his property to defendant and his wife, and that in consideration thereof the defendant had agreed to pay Nicolai's indebtedness. That defendant did in fact agree to pay about $30,000 of Nicolai's indebtedness is established by the answers filed in the suits instituted and disposed of before this action was begun. These answers of defendant, being against his interest, and he being a party to the action, were admissible to establish plaintiff's cause.

7. The schedule alluded to as having been filed by the defendant in the suit to set aside one of the conveyances did not contain, as an item thereof, the debt due the plaintiff herein, nor did it contain as an item the debt due Weinhard; but it afterwards appears by defendant's own testimony that he paid Weinhard's debt, and there was no other consideration inducing such pay-

ment except the conveyances denoted by the exhibits A and B. There was some evidence also indicating that two items contained in said schedule, amounting to $1,454, were fictitious, which would leave that amount of the debts assumed by defendant unidentified, and is more than sufficient to cover plaintiff's claim. In short, the effort was to prove that defendant had assumed and agreed to pay all of Nicolai's indebtedness, and that all of such legitimate indebtedness did not exceed $30,000, and, therefore, that the defendant had agreed to pay the plaintiff's claim or demand against Nicolai. The agreement, if one existed, to pay all of such indebtedness, was known only to defendant and Nicolai, whose interests were adverse to plaintiff's in the present action, and hence resort was had to indirect testimony to establish the agreement. When properly understood, we think the exhibits were competent, and, taken in connection with the testimony of the defendant, had some tendency to establish plaintiff's case, and were therefore properly admitted. We may say, by way of explanation, that defendant was not called in this case as a witness, but his testimony, taken in one of the suits before alluded to, was read to the jury, and was properly admitted as admissions against his interest.

8. When the plaintiff rested, the defendant moved for a nonsuit, and the refusal of the court to grant the motion is assigned as error. Besides the effect of the exhibits heretofore discussed as evidence in the cause, certain statements of the defendant touching the transfer for the real property by Nicolai to him and his wife, and the purpose for which they were made, were proven. Among others, Charles H. Feldman testifies that defendant told him, "If he could get Nicolai straightened up—get him to fix things up, and turn the property over to him—he would square up these claims;" and later that,

"If he could get him to straighten up, he would take the property, and settle up these claims, and set him on his feet again." These statements were elicited when witness was endeavoring to get McGuire to settle a claim he held against Nicolai. He further testified that his mother's (the plaintiff's) claim was mentioned, and that McGuire said, "Yes; I will pay that claim of your mother's," and that "If he could get him (Nicolai) straightened up, and get the property, he would pay my mother's claim." John E. Doyle ·testified as follows: "I had a conversation with McGuire, and I asked him why Nicolai turned over his property to him. Then McGuire said that Nicolai would not ·be very able to straighten out his matters, so that, when he had hold of the property and in his name, he would straighten out Nicolai's affairs better than Nicolai himself; that is, he would pay such accounts as were standing out, and so on." Without further allusion to the testimony, it is quite apparent that there is here, when taken in connection with the exhibits heretofore alluded to, and their effect as evidence, enough to go to the jury from which they might infer that such a contract existed as is alleged in the complaint, and hence that the nonsuit was properly refused.

9. As a defense to plaintiff's cause of action, the defendant set up, by way of estoppel, the proceedings and . the purport and effect of the decree in the case of Maria Feldman, executrix, *et al.*, against McGuire and his wife, the judgment roll of which was offered in evidence by both parties, and was introduced as exhibit E; and it is claimed that the effect of such decree was to determine that the claim now in controversy constituted no ·part of the consideration for said deeds, and, therefore, that plaintiff ought not now to be permitted to prosecute this action. The court, by its instructions, refused to

give effect to the decree as an estoppel, and error is assigned by reason thereof. The purpose of that suit was to have the deeds set aside as fraudulent and void as to creditors, and it became incumbent upon the defendant, in order to support the deeds, to show that he had paid an adequate consideration for the premises conveyed, so that the sole issue was touching the *bona fides* of the transfers. The court found that McGuire had assumed and agreed to pay, and did pay, certain indebtedness of Nicolai, and this was held to be sufficient and adequate to support the deeds. Whether McGuire had assumed and agreed to pay the special claim of plaintiff was not an issue in that proceeding. He was concerned only in satisfying the court that he had in good faith paid adequately for the property, and the plaintiffs therein were proceeding upon the theory that he had paid nothing. So, it might have been that McGuire had assumed and agreed to pay much more of Nicolai's indebtedness than he chose or found necessary to prove in that proceeding in order to sustain his defense; and, if so, the adjudication could not bind or preclude plaintiff from now asserting that McGuire had also assumed and agreed to pay her claim as a part of such consideration. As sustaining this view, *Campbell* v. *Consalus*, 25 N. Y. 613, is a case of some analogy. Interest was properly allowed by the verdict, as the basis of the action is a promissory note drawing interest. The judgment of the court below should be affirmed.

                                        AFFIRMED.