### WEINHARD et al. v. R. R. THOMPSON ESTATE CO.

(District Court, D. Oregon. May 21, 1917.)

No. 7262.

1. CORPORATIONS ⟺244(6)—SALE OF STOCK—ASSUMPTION OF DEBTS OF CORPORATION.

G. & Sons, owning all of the common stock and most of the preferred stock of a corporation, sold it to defendant by an agreement whereby defendant was to apply the purchase price towards the payment of the corporation's indebtedness, and was to advance G. & Sons on their note the further sum of $35,000, which it was also to apply on the corporation's liabilities, and G. & Sons agreed to guarantee, indemnify, and save defendant harmless against the payment of any further debts and liabilities; the purpose being, as recited, that defendant should obtain title to the corporation's property and assets free and clear of all indebtedness. *Held*, that defendant assumed the entire indebtedness of the corporation by implication, not only up to the amount of the purchase price, but all of the liabilities beyond that amount.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 968–971.]

2. CORPORATIONS ⊛⟹244(6)—ASSUMPTION OF DEBTS—AGREEMENT FOR BENEFIT OF THIRD PERSON—RIGHT TO SUE.

While an executory contract, whereby one party, for a consideration moving from the other, agrees to pay the debt of a third, gives the third party no right of action against the promisor, a party holding a note of the corporation was entitled to sue defendant, under the rule that, where a person has received from another some fund, property, or thing in consideration of which he has made a promise or entered into an undertaking primarily and directly for the benefit of a third party, such third party may sue directly upon such promise or undertaking.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 968–971.]

3. FRAUDS, STATUTE OF ⊛⟹18(3)—ASSUMPTION OF ANOTHER'S INDEBTEDNESS.

The implied undertaking or promise to assume the corporation's debts was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 29.]

At law. Action by Louise Weinhard and others, executrices and executors of Henry Weinhard, deceased, against the R. R. Thompson Estate Company. Judgment for plaintiffs.

Julius Silvestone and Sidney Teiser, both of Portland, Or., for plaintiffs.

Bauer & Greene and A. H. McCurtain, all of Portland, Or., for defendant.

WOLVERTON, District Judge. The plaintiffs bring this action to recover against the defendant upon a promissory note executed by the Multnomah Hotel Company, Philip Gevurtz, and I. Gevurtz & Sons, of which the Hotel Company is principal and the other two are accommodation makers. I. Gevurtz & Sons is a corporation. At the time of the execution of the note and the transactions now to be noticed, the defendant corporation was the owner of the Multnomah Hotel, in Portland, Or., and the Multnomah Hotel Company was a lessee of the hotel from it. I. Gevurtz & Sons was the owner of all the common stock and all but 50 shares of the preferred stock of the Multnomah Hotel Company, and on January 10, 1913, gave to the defendant an option to purchase all the common and preferred stock of the company at the price of $175,000. This option ripened into an agreement between the parties, whereby I. Gevurtz & Sons sold to the R. R. Thompson Estate Company all the common and preferred stock of the Multnomah Hotel Company at the figure named in the option. In such sale it was agreed that the defendant company should have the right, in paying the $175,000, to apply the same towards the payment of the indebtedness of the Hotel Company, and it was further agreed, in effect, that the defendant company would advance to I. Gevurtz & Sons the further sum of $35,000 on its promissory note, the same to be also applied in discharge of the Hotel Company's indebtedness and liabilities, and in addition that I. Gevurtz & Sons would guarantee, indemnify, and save harmless the defendant company against the payment of any further debts and liabilities of the Hotel Company, over and beyond the aggregate of the consideration price to be paid for said stock and the $35,000 to be advanced; the purpose being, as expressed by the option, that

⊛⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant company should obtain good title to the property and assets of the Hotel Company free and clear of all claims, liabilities, and indebtedness, of whatever character or nature. The note and guaranty were given, and the defendant company disbursed the funds which it retained in its hands, namely, the $175,000 consideration and the $35,-000, towards the payment of the liabilities of the Hotel Company, and paid liabilities largely beyond these sums in pursuance of the guaranty, but has refused to pay the demand of the plaintiffs on the promissory note of the Hotel Company and its accommodation makers.

The defendant company having answered, the cause was submitted to the court without the interposition of a jury. At the trial it was shown that I. Gevurtz & Sons had been adjudged a bankrupt, and that the defendant company presented a claim against the estate of the bankrupt, which was held by the referee to be provable, which comprised the entire liabilities of the Hotel Company, including the demand of the plaintiffs on the note here sued upon, basing its claim upon the promissory note of I. Gevurtz & Sons for $35,000, the agreement of sale of the common and preferred stock of the Hotel Company, and the guaranty and indemnity by I. Gevurtz & Sons against the payment of any and all indebtedness and liability of the Hotel Company. Further than this, the defendant has received from the trustee of the estate of I. Gevurtz & Sons a dividend of 23 per cent. upon all such indebtedness, including the claim which plaintiffs are now suing to recover.

The questions are presented: First, whether the defendant company assumed the payment of the indebtedness or liabilities of the Hotel Company; and, second, whether the defendant company, through and by virtue of its transactions with I. Gevurtz & Sons, rendered itself liable directly to the creditors of the Hotel Company, they being third or outside parties to the dealings between the defendant company and I. Gevurtz & Sons.

[1] On the first question, counsel for the defendant company say that:

"The option, the resolutions of the stockholders and directors of I. Gevurtz & Sons, and the written indemnity all negative the proposition that there was an assumption of the debts of creditors of I. Gevurtz & Sons by the Thompson Estate Company in excess of the purchase price for the stock, namely, $175,000."

This is an admission that the defendant company did assume the debts of such creditors up to the amount of $175,000. But, considering the manner in which the transactions were handled, it is manifest that there was an assumption of the entire indebtedness of the Hotel Company. The purpose of the defendant company, and such was the intendment of the agreement of the parties, was to obtain the stock without impairment of its value because of any impending liabilities of the Hotel Company; and when the note of $35,000 was given, the defendant company retained in its possession the fund arising therefrom, and disbursed it in payment of the creditors of the Hotel Company. None of it was paid directly to I. Gevurtz & Sons; and, as to the indemnity, it operated to reimburse the defendant company in the payment of any liabilities of the Hotel Company beyond the aforesaid amount of $175,-

000, plus the $35,000 disbursed by the defendant company. I am impressed that these transactions import by implication an assumption on the part of the defendant company of the liabilities of the Hotel Company, not only up to the amount of $175,000, but also of all its liabilities beyond that amount.

[2] It is very true, as counsel for defendant contends, that where there is only an executory contract entered into between two parties, whereby one of the parties, for a consideration moving from the other, agrees to pay the debt of a third, the third party has no right of action against the promisor. Washburn v. Investment Co., 26 Or. 436, 36 Pac. 533, 38 Pac. 620; Brower Lumber Co. v. Miller, 28 Or. 565, 43 Pac. 659, 52 Am. St. Rep. 807. But it is settled law now in this state that, where a person has received from another some fund, property, or thing, in consideration of which he has made a promise or entered into an undertaking with such other, but primarily and directly for the benefit of a third, such third party may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction.

"In such case," as was said in Feldman v. McGuire, 34 Or. 309, 55 Pac. 872, "the third party acquires an equitable interest in the property, fund, or thing; and the law, acting upon the relationship of the parties and their treatment of the fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action."

The doctrine has been treated of as well in the two cases first above cited, and in Parker v. Jeffery, 26 Or. 186, 37 Pac. 712, and Kiernan v. Kratz, 42 Or. 474, 69 Pac. 1027, 70 Pac. 506, and there has been no modification of it that I am aware of in recent years.

[3] Applying the principle here, there was in legal intendment a fund created and left in the hands of the defendant company for the payment of all the liabilities of the Hotel Company, and for that reason the defendant company was rendered liable directly to all the creditors of the Hotel Company, including the plaintiffs. Nor is the undertaking or promise thus implied within the statute of frauds. Feldman v. McGuire, supra.