Submitted on briefs September 22, affirmed October 6, 1925.

# LEWIS PANKEY *v.* NATIONAL SURETY COMPANY.

### (239 Pac. 808.)

**Principal and Surety—Materialman cannot Sue on Bond Securing Performance of Contract for Railway not Primarily for His Benefit.**

1. A person furnishing materials to a company under contract to build a railway cannot sue on bond given to secure performance of contract, where bond contained no provision to pay for labor and material, and was not made primarily for benefit of materialman.

**Principal and Surety—Condition of Bond Exonerating Surety Company from Liability on Performance of Contractor not a Promise to Pay for Materials Furnished Contractor.**

2. A provision of a surety bond, that it should be void on performance by contracting company, is a condition, the performance

---

1. Right of subcontractor, materialman or laborer, to maintain action on contractor's bond to owner, see notes in Ann. Cas. 1916A, 754, 767, 773; Ann. Cas. 1918D, 350; 27 L. R. A. (N. S.) 573; L. R. A. 1916A, 768.

of which exonerates the surety, and not a promise to pay for labor
and materials used by contracting company.

**Principal and Surety—Materialman has No Interest in Compensation
Paid Surety Company for Bond.**

3.   A party furnishing materials to a contracting company, bonded
by defendant, has no interest in the premium paid, where the con-
sideration for which compensation was paid was for sole benefit of
railway company.

**Principal and Surety—Bond Securing Performance of Contracting
Company Constructing Railway Held not to Come Within Stat-
ute Requiring Bonds on Contracts for Public Work.**

4.   A bond securing performance of a contracting company con-
structing a railway does not come within provision of Section 2991,
Or. L., requiring bonds for benefit of materialman on contracts for
public work, and under which materialman may sue on bond, since
contracting company was not engaged in performance of public
work.

**Principal and Surety—Materialman cannot Sue on Bond for Benefit
of Railway Paid in Full on Default of Contractor.**

5.   An unpaid materialman has no cause of action on a bond
given for benefit of a railway to secure its construction contract
where bond has been paid in full by the surety to the railway on
failure of contractor to perform, which payment made it void for
any purpose by anyone.

**Principal and Surety—Remedy of Materialman on Bond was to File
Lien Under Statute First.**

6.   Under a bond providing that defendant company would save
railway harmless for all liens for materials furnished, the remedy of
a materialman was not suit on bond, but the filing of a lien under
Section 10191, Or. L., thus obligating surety to pay amount of lien.

(1) 32 Cyc. 123.   (2) 32 Cyc. 166.   (3) 32 Cyc. 123.   (4) 32 Cyc.
123.   (5) 32 Cyc. 158.   (6) 32 Cyc. 110.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

AFFIRMED.

From appellant there was a brief over the name
of *Messrs. O'Neill & Irwin.*

For respondent there was a brief over the names
of *Mr. Wilson S. Wiley, Messrs. Griffith, Peck & Coke*
and *Mr. A. G. Barry.*

RAND, J.—The Nettleton-Bruce-Eschbach Com-
pany entered into a contract with the Oregon, Cali-

fornia & Eastern Railway Company whereby it undertook to construct a certain section of that company's railroad. The defendant corporation executed and delivered to said railway company a written surety bond with said Nettleton-Bruce-Eschbach Company, as principal, and itself as surety, in the penal sum of $25,000, conditioned for the faithful performance of the contract by said contracting company, and providing further that said contracting company "shall pay all laborers, mechanics and materialmen for labor performed or materials or provisions furnished or supplied for, or at the instance of, the contractor in carrying on the work, covered by said contract, and to indemnify and save harmless the said Obligee from all claims, demands, liens or causes of action for labor performed or materials or provisions supplied or furnished in the carrying on of the work covered by said contract, * * ."

The Nettleton-Bruce-Eschbach Company performed a part only of the work contracted for, and in proceedings brought in the federal court was subsequently adjudged to be a bankrupt. The railway company, after completing the work contracted for, commenced an action on the bond against this defendant in the District Court of the United States for the District of Oregon and recovered judgment in said action against this defendant for $25,000, the penal sum provided in the bond, which sum has since been paid in full and said judgment has been fully satisfied and discharged.

While said construction work was being performed by the Nettleton-Bruce-Eschbach Company, the plaintiff furnished supplies to that company which were used in the construction of the railroad, and, not having received payment in full, brought this action

against this defendant, as the sole defendant in the action, to recover the balance of his account, claiming that the defendant company is liable to him on the bond for said balance of account. The defendant recovered judgment in the court below, and from said judgment the plaintiff has appealed, contending, among other things, that the lower court was in error in instructing the jury to the effect that plaintiff cannot maintain an action on the bond.

1, 2. Whatever may be the rule elsewhere, the law upon this question is settled in this state by *Parker v. Jeffery*, 26 Or. 186 (37 Pac. 712), that the rule giving to third parties the benefit of a contract to which they are not parties is limited to those contracts which have for their primary object the benefit of a third person. Applying the reasoning there used by Mr. Chief Justice BEAN, and adopting his identical language, changing only the names of the parties, it seems clear that plaintiff cannot maintain this action, because there was no promise by the National Surety Company to pay for labor and material used by Nettleton-Bruce-Eschbach Company in the performance of its contract with the railway company, nor was the bond taken by the railway company for the benefit of parties who might furnish such labor or material, but to indemnify and save it harmless from loss or damage by the failure of the Nettleton-Bruce-Eschbach Company to perform its contract. The obligation of the Nettleton-Bruce-Eschbach Company is measured by the terms of its contract, which is an ordinary penal bond by which it acknowledges itself indebted to the railway company in the sum of $25,000, and which it binds itself to pay to the obligee in the bond, and not to any other person. The condition that if Nettleton-Bruce-Eschbach Company

should comply with its contract with the railway Company, the obligation should be void, is incorporated in the bond for the benefit of the surety. It simply declares upon what terms it may be exonerated from its liability to the railway. The bond contains no covenant or agreement to pay the plaintiff, or to see him paid, but only a condition, the performance of which will exonerate the Surety Company from liability, and such a condition will not be construed as a promise.

These principles so announced by Mr. Chief Justice BEAN have been followed and applied as settled law in *Washburn* v. *Interstate Investment Co.*, 26 Or. 436, 441 (36 Pac. 533, 38 Pac. 620); *Brower Lbr. Co.* v. *Miller,* 28 Or. 565, 568 (43 Pac. 659, 52 Am. St. Rep. 807); *Y. M. C. A.* v. *Croft,* 34 Or. 106, 109 (55 Pac. 439, 75 Am. St. Rep. 568); *Feldman* v. *McGuire,* 34 Or. 309, 311 (55 Pac. 872); *Davidson* v. *Madden,* 89 Or. 209, 215 (173 Pac 320); *The Home* v. *Selling,* 91 Or. 428, 437 (179 Pac. 261); *Rugh* v. *Soleim,* 92 Or. 329, 335 (180 Pac. 930).

"Where," said Mr. Justice WOLVERTON in *Weinhard et al.* v. *R. R. Thompson Estate Co.,* 242 Fed. 315, 318, "a person has received from another some fund, property, or thing, in consideration of which he has made a promise or entered into an undertaking with such other, but primarily and directly for the benefit of a third, such third party may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction. 'In such case,' as was said in *Feldman* v. *McGuire,* 34 Or. 309 (55 Pac. 872), 'the third party acquires an equitable interest in the property, fund, or thing, and the law, acting upon the relationship of the parties and their treatment of the

fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action.' ''

3. This doctrine, however, can have no application here for the bond in question was made directly and primarily for the benefit of the railway company and not plaintiff, and defendant received nothing from the Nettleton-Bruce-Eschbach Company in which plaintiff did or could acquire any equitable interest. Presumably, the defendant received from its principal in the bond the usual compensation for the execution of an undertaking of that nature. In the amount thus paid, plaintiff can have no legal or equitable interest, whether paid by its principal or by the railway company, and the promise, for the consideration of which the compensation was paid, was for the sole benefit of the railway company.

4. Plaintiff cites *Clatsop Co.* v. *Feldschau,* 101 Or. 369 (199 Pac. 953, 18 A. L. R. 1221), *Fitzgerald* v. *Neal,* 113 Or. 103 (231 Pac. 645), and *Columbia County* v. *Consolidated Contract Co.,* 83 Or. 251 (163 Pac. 438), as authorities to support his right to maintain this action. Those cases were actions to recover upon surety bonds given by contractors performing public work for labor or material furnished in the performance of such work. The right to maintain these actions was conferred by statute,—Section 2991, Or. L. Until the enactment of that statute, the right to maintain an action upon a bond given by a contractor for the faithful performance of public work, by materialmen or laborers for labor or material furnished, did not exist,—see *Parker* v. *Jeffery, supra.* The statute referred to created the right,—see *The Home* v. *Selling, supra.* The bond in question does not come within the provisions of the statute, since the con-

tractor to whom plaintiff furnished the supplies in question was not a contractor contracting to perform public work within the meaning of the statute. The undertaking sued on was between private parties and not with the state or any municipality or other governmental agency of the state. The cases, therefore, are not in point.

5. The bond in question was given primarily and solely for the benefit of the railway company. It contained no promise to pay for any supplies furnished to the contractor, but merely, in respect to supplies so furnished, to indemnify the railway company for any loss it might sustain by being compelled to pay any lien or claim for supplies furnished the contractor. The railway company was the sole obligee named in the bond. The proof shows that the railway company enforced this bond by suit and collected and received from the defendant Surety Company the entire penal sum provided for in the bond. The payment of that amount by the defendant corporation to the railway company operated to make the bond null and void and no longer enforceable for any purpose by anyone.

6. The plaintiff, however, had a complete remedy for the supplies furnished. Under the authority of *Giant Powder Co.* v. *Oregon Western Ry. Co.*, 59 Or. 236 (117 Pac. 279, Ann. Cas. 1913C, 93), plaintiff could have filed, under Section 10191, Or. L., a notice of lien and thereby have secured a lien against the property of the railway company for the supplies furnished and thereby obtained payment of his claim. If he had filed such lien it would have created an obligation upon the part of the Surety Company under its bond to pay the amount thereof to the railway company, since one of the conditions of the bond was that the defendant corporation would indemnify and hold

harmless the railway company from a lien therefor. This condition in the bond conferred no right of action upon plaintiff as against the defendant corporation.

For these reasons the judgment appealed from must be affirmed.    AFFIRMED.