Argued February 2; affirmed March 20, 1934

# HAINES *v*. PACIFIC BANCORPORATION

(30 P. (2d) 763)

*Harry G. Hoy,* of Portland (Hoy & Doxey and Arthur E. Prag, all of Portland, on the brief), for appellant.

No appearance for respondent.

RAND, C. J. This is an action to enforce a contract alleged to have been entered into by defendant with other persons for the benefit of plaintiff. The defendant answered, denying the allegations of the complaint. At the beginning of the trial, the defendant objected to the introduction of any testimony upon the ground that the complaint failed to state a cause of action. This objection was sustained and the action dismissed, and plaintiff has appealed.

It is alleged in the complaint that plaintiff was the owner and holder of two hundred shares of the capital stock of the Portland National Bank, and that at the time of the transactions complained of on and prior to August 6, 1928, the same was of the value of $200 per share; that the defendant, in order to obtain control of the capital stock of said bank so that it could be merged with the American Exchange Bank, another Portland bank, entered into a contract with certain of the other stockholders of the Portland National Bank in and by the terms of which it was agreed that defendant should purchase their shares of stock and pay them $150 per share and that this part of the contract has been completely performed.

The complaint further alleges that, in consideration of their sale to defendant of their said shares of stock at that price, the defendant also agreed that it would purchase plaintiff's stock and pay him therefor at the rate of $300 per share, and that this promise the defendant has wholly failed and refused to perform. It then alleges that the certificates representing plaintiff's said stock are tendered into court and placed in the hands of the clerk for delivery to the defendant, and, based upon said alleged breach of the contract, a demand is made for judgment in the sum of $60,000.

■■ It is clear from these allegations of the complaint that the consideration for the promise relied upon by the plaintiff was the transfer to the defendant of stock by persons other than plaintiff for which the stipulated price has been paid. The contract, therefore, was not made for the sole benefit of the plaintiff, nor was the primary purpose of the contract to benefit the plaintiff. He was not a party to the contract. He furnished no part of the consideration and whatever benefit he was to receive was merely incidental to the terms of a sale of property in which he had no interest. So far as his rights under the contract are concerned, the transaction did not amount to a novation. The offer was neither made to nor accepted by him and there was no indebtedness owing to him by the parties who made the sale. Nor was there any money or property transferred to or placed in the hands of the sellers for delivery or payment to him and, therefore, he acquired no property rights in the stock sold nor in the moneys paid and no trust resulted from the transaction. The fact that the sale made of the stock was less than its alleged market value and that the parties accepted less than its value for their stock in consideration of the alleged promise created no binding obligation upon the part of the promisor which the plaintiff can enforce nor was any contract created as to him, he being under no obligation to sell the stock to the promisor and, hence, no contract rights could arise which he could enforce.

The question of whether and under what circumstances a right of action accrues to a third person upon a contract made by others for his benefit has caused great diversity in the decisions of the courts, and the principle that a party for whose benefit a contract has been made, he not being a party to it and not having furnished any part of the consideration, is not so

favored by the courts that it will be applied to new and doubtful cases. The leading case upon this subject in this state is perhaps *Washburn v. Investment Co.,* 26 Or. 436 (36 P. 533, 38 P. 620). In that case, the plaintiff, as one of the creditors of the Boston Shoe and Leather Company, sued to recover on a promise of the defendant made to said company to pay and discharge its debts and liabilities. The court, in holding that the plaintiff could not recover in an action brought by him to enforce the promise, said:

"The plaintiff not being a party or privy to the contract, and its consideration not moving from him, the case presents another phase of the perplexing question as to the right of a third person to maintain assumpsit upon a contract, the performance of which will inure to his benefit, but to which he is not a party. * * * As a general rule, only parties or privies to a contract can maintain an action to enforce its stipulations; and allowing a stranger to do so is an exception to and inconsistent with this rule. * * * The prevailing doctrine in this country undoubtedly is that, where one person, as a consideration or part consideration for an executed contract, promises another, for a consideration moving from him, to pay or discharge some legal obligation or debt due from such other to a third person, the latter, although a stranger to the consideration, and not an immediate party to the contract, may maintain an action thereon, if it was made directly and primarily for his benefit. And this, we think, is all that has in fact been held by the former decisions of this court in which such actions have been sustained, although the language of some of the decisions states the rule without qualification that where one person makes a promise to another for the benefit of a third the latter may maintain an action thereon. * * *"

The court then pointed out that: "Where one person receives a fund or property from another, and instead of paying him therefor is allowed to retain the consideration under an agreement to pay it to

the creditors of the other party; or when it is agreed between the parties to the contract, there being a valuable consideration therefor, that the promisor may discharge his debt or liability to the promisee by paying it to some third person, to whom the promisee owes some legal duty or obligation, it would be just and proper that such third party should have the right to maintain an action on the contract in his own name. But this is on the theory that the contract being for his direct benefit the law invests him with a privity in respect thereto by reason of his interest, and the promisor, in performing the contract, is doing nothing more than to discharge his own debt or obligation in accordance with his agreement. * * * The creditors may have had, and no doubt did have, an interest in the performance of the contract, as they would have had in the performance of an agreement by which any person should undertake to lend or advance money to the leather company to enable it to pay its debts, but this is a very different thing from the interest necessary to enable them to enforce the contract by actions in their own names.''

Another case bearing upon this question is *Phez Company v. Salem Fruit Union,* 103 Or. 514 (201 P. 222, 205 P. 970, 25 A. L. R. 1090). In that case, the court, speaking through Mr. Justice McBride, said:

''As a rule the Oregon cases arose out of the fact that the promisee owed some debt to the beneficiary which the promisor as part of the consideration agreed to discharge; but in other jurisdictions where such a promise has been held enforceable by the beneficiary no distinction appears to have been made between such a debt and any other legal duty which the promisee owed to the beneficiary, and legally this would seem to be the correct rule.''

Again, in *Pankey v. National Surety Co.,* 115 Or. 648 (239 P. 808), the court said:

''Whatever may be the rule elsewhere, the law upon this question is settled in this state by Parker v. Jeffery, 26 Or. 186, 37 P. 712, that the rule giving to

third parties the benefit of a contract to which they are not parties is limited to those contracts which have for their primary object the benefit of a third person. * * * 'Where', said Mr. Justice Wolverton in Weinhard et al. v. R. R. Thompson Estate Co., 242 Fed. 315, 318, 'a person has received from another some fund, property, or thing, in consideration of which he has made a promise or entered into an undertaking with such other, but primarily and directly for the benefit of a third, such third party may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction. "In such case," as was said in Feldman v. McGuire, 34 Or. 309, 55 P. 872, "the third party acquires an equitable interest in the property, fund, or thing, and the law, acting upon the relationship of the parties and their treatment of the fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action"."'

In Williston on Contracts, section 356, the author points out that:

"There are two quite distinct types of cases which pass current under the name of promises for the benefit of a third person. To the first class belong promises where the promisee has no pecuniary interest in the performance of the contract, his object in entering into it being the benefit of a third person. To the second class belong promises where the promisee seeks indirectly to discharge an obligation of his own to a third person by securing from the promisor a promise to pay this creditor."

Between these two classes of cases, he says, there are important distinctions. The first class is a promise for the benefit of a third person, and the phrase "sole beneficiary" should be reserved for this class: Section 357. The second type of case is a contract to discharge an obligation of the promisee, and of this type of case, Williston says: "The object of such a contract must always be primarily and generally solely

to secure an advantage to the promisee. He wishes to be relieved from liability, and he exacts a promise to pay the third person only because that is a way of relieving himself." Section 361.

■■ That the transaction did not amount to a trust or even an equitable charge upon the stock or upon the money to be paid therefor is clear. It was not a case where money or property had been placed in the hands of one to be delivered or paid over to another. The stock, when paid for, was to become the absolute property of the defendant and the moneys, when paid, were to become the absolute property of the persons who sold the stock to the defendant and there is nothing remaining in the hands of the defendant from which a trust or an equitable charge could arise. Nor, as stated, did the transaction amount to a novation. There was in the first place no debt owing by the promisee to plaintiff and no promise upon the part of the defendant to pay such debt and, if there had been, that alone would not have been sufficient to work a novation. As said by Professor Williston in 15 Harv. L. Rev., p. 771:

"To work a novation, it is not enough that a promise has been made to the original debtor to pay the debt; nor does the assent of the creditor help the matter unless an offer was made to him. The theory of novation is that the new debtor contracts with the old debtor that he will pay the debt, and also to the same effect with the creditor, while the latter agrees to accept the new debtor for the old. A novation is not made out by showing that the substituted debtor agreed to pay the debt. It must appear that he agreed with the creditor to do so. Moreover, this agreement must be based on the consideration of the creditor's agreement to look to the new debtor instead of the old. The creditor's assent to hold the new debtor liable is therefore immaterial unless there is assent to give up the original debtor."

■ Again referring to the contract set up in the complaint: It was not a contract to pay a specified sum of money for the stock which was to be paid in part to the sellers and in part to plaintiff. If such had been the case, the plaintiff would have been a donee beneficiary of the part payable to him. This would have created a duty upon the part of the promisor which the donee beneficiary could have enforced. The contract, however, required the defendant to pay only $150 each for the shares of stock sold and this was all it was required to pay for the stock it purchased. The additional promise to purchase and pay for plaintiff's stock at a price higher than its market value did not constitute the plaintiff either a creditor beneficiary or a donee beneficiary of the persons to whom the promise was made. The plaintiff has cited no case and we find none which sustains his position. The contract, as alleged in the complaint, was not one which could have been enforced against the plaintiff by the defendant. The plaintiff could not have been compelled without his consent to have sold his stock for any price. If, for the purposes of this motion, it could be conceded that this contract was made to benefit the plaintiff, a concession which we refuse to make, then at most he was merely an incidental beneficiary who would not be entitled to enforce the promise either against the promisor or the persons to whom the promise was made. The rule in such case is that stated in the Restatement of the Law of Contracts, vol. 1, section 147, by the American Law Institute, as follows: "An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee."

The judgment, therefore, is affirmed.

BEAN, CAMPBELL and BAILEY, JJ., concur.