OSCAR L. STILLINGS *vs.* ARTHUR TIMMINS.
SAME *vs.* SAME & another.

Suffolk.    March 5, 1890. — September 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Subscription — Consideration — Extrinsic Evidence.*

In an action to recover a subscription, it appeared that the defendant with other abutters attended a meeting organized for the purpose of securing the widening of an avenue; and that they agreed in writing to pay a certain sum when the avenue should be "laid out," in consideration of the plaintiff's acting as one of the executive committee of the meeting to apply the money subscribed and to carry out its objects. The defendant offered evidence that the purpose of

his subscription was only to pay for land, if it should be necessary to purchase it in order to widen the avenue; and that the avenue was widened without the purchase of any land. *Held,* that the evidence was properly excluded.

Two ACTIONS OF CONTRACT, to recover the amount of subscriptions towards the widening and extension of certain avenues in Boston. The cases were tried together in the Superior Court, before *Bishop*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts. A meeting was held of abutters on Brighton Avenue and Massachusetts Avenue in the city of Boston, including the defendants, for the purpose of organizing a movement to secure the widening of the former avenue, and a change of the names of both to Commonwealth Avenue. An executive committee, of which the plaintiff was one, was appointed; and a subscription paper was signed by the defendants and others.

The subscription paper was as follows : " Boston, December 2, 1886. We, the undersigned, hereby agree to pay the sums set against our respective names to Oscar L. Stillings when Brighton Avenue is laid out as Commonwealth Avenue from the forks of the road through Massachusetts Avenue to Chestnut Hill Reservoir." This instrument was signed by the defendant Timmins for himself individually, and for the firm of Timmins and Kennedy, of which he was a member.

The committee were authorized at this meeting to use the funds subscribed by the abutters in any lawful manner to further the objects to be attained. The committee had an informal meeting before the street commissioners, and urged the changes proposed, and presented a petition which it had circulated, signed by all the abutters, asking for the change. The street commissioners granted hearings, which the committee attended, and at which the widening was discussed and the change of name and the widening were urged. The committee frequently saw the abutters, and urged them to give money or land, and spent much time in attempting to purchase land on Brighton Avenue for the benefit of the city, to be paid for with the funds subscribed by the abutters. The committee also made numerous trips over the avenues with the abutters and others interested, for the purpose of forwarding the scheme, and spent from three to four

hours a day, for a year and a half constantly, in furtherance of the object for which it was appointed. The committee further secured from subscribers the promise of land, and collected money, out of which they expended substantial sums in pursuance of the objects for which they were appointed. The widening and laying out of Brighton Avenue and of Massachusetts Avenue, and the changing of the names, were made by the city of Boston, and Brighton Avenue was laid out as Commonwealth Avenue from the forks of the road through Massachusetts Avenue to Chestnut Hill Reservoir, before the bringing of this action.

The defendants offered evidence tending to show that the object and purpose of the defendants' subscription to the paper declared upon was only to purchase land on the north side of Brighton Avenue, if it became necessary to purchase the same in order to secure the proposed widening by the city, and that the city had made the widening without the requirement or necessity of the purchase of this land. The presiding judge refused to admit this evidence, and the defendant Timmins excepted.

The defendants, among other instructions, requested the judge to instruct the jury as follows:

"1. If the jury find that the subscriptions of the defendants were made for a specific purpose, to wit, for the purchase of land on the northerly side of Brighton Avenue to secure its widening by the city if the same became necessary to secure the same, and the city has made such widening without such requirements, the plaintiff cannot maintain his action.

"2. If the jury find that the subscriptions of the defendants were conditional upon there being a necessity to purchase lands in order to secure the widening and laying out by the city, the plaintiff must prove that such necessity has arisen and such purchase is required."

The judge refused so to instruct, but, after giving instructions not excepted to as to what would constitute a sufficient consideration to support the subscriptions in question, instructed them, that if they found such consideration, and that Brighton Avenue had been laid out as stipulated in the paper declared upon, the defendants would be liable, and that evidence to show

that the subscriptions were payable upon other terms than those stated in the paper, or otherwise to vary its terms, was not admissible, or to be considered by them.

The jury returned a verdict for the plaintiff in each case; and the defendant Timmins alleged exceptions.

*J. M. Hall*, for Timmins.

*H. G. Nichols*, for the plaintiff.

W. ALLEN, J.   To prove the consideration for the defendants' promise, which is not expressed in the writing, the plaintiff put in evidence proceedings of a meeting of abutters on Brighton Avenue and Massachusetts Avenue, organized for the purpose of securing changes in those avenues, and the extension of Commonwealth Avenue so as to include them.   The plaintiff was one of a committee appointed by the meeting to further its objects. The defendants were abutters upon Brighton Avenue, and attended the meeting, and, with other abutters, signed the subscription paper in suit.   The jury found, under instructions that were not objected to, that there was sufficient consideration for the defendants' promise.   The only question that arises is upon the exclusion of certain evidence offered by the defendants. The defendants offered to show that the object and purpose of their subscriptions were only to pay for land if it should be necessary to purchase it in order to widen Brighton Avenue, and that Brighton Avenue was widened without the purchase of any land.   This evidence was excluded.   It is contended that it goes to show the consideration of the defendants' promise, and is competent to show a failure or want of consideration. We think that the evidence was properly excluded.

The consideration upon which the plaintiff relied, and which was proved, seems to have been his implied promise, or his acts, as representing the abutters as an officer or agent of their organized meeting, to carry out the purposes and objects of the meeting for which the subscriptions were made by individuals.   The defendants would be bound by their subscriptions made in common with others for the common object, although their purpose was to assume a limited and conditional obligation.   To give effect to that would be to change the written contract, not to show the consideration of it.   Their written promise was to pay certain sums when the avenue should be laid out.   The consideration of

their promise, in common with that of the other subscribers, was that the plaintiff would act as one of the executive committee of the meeting, and apply the money in accordance with its instructions, and to carry out its objects. The evidence offered by the defendants went to the promise itself, and not merely to the consideration of it.

As the evidence was rightly excluded, the instructions asked for, which assumed that the evidence was in the case, were properly refused.                              *Exceptions overruled.*