Argued May 8, decided June 3, rehearing denied July 15, 1913.

# OREGON MILL CO. *v.* KIRKPATRICK.*

### (133 Pac. 69.)

**Contracts—Right of Action by Third Persons.**
1. Where a debtor makes a valid contract with a third person to pay his debt, the creditor may sue on the contract and enforce it by an action in his own name.

> [Contracts for the benefit of third persons, and their right to sue thereon, are considered in the note in 71 Am. St. Rep. 176.]

**Evidence—Documentary Evidence—Parol Evidence Rule.**
2. Defendant purchased a business from plaintiff's debtor under a written contract providing for the payment of some cash and for the payment of certain debts of the seller due other persons than plaintiff. Section 713, L. O. L., provides that, when the terms of an agreement have been reduced to writing, it is to be considered as containing all the terms, and therefore, between the parties and their representatives no evidence of the terms other than the contents of the writing is admissible, except where the validity of the instrument is in dispute or a mistake is alleged. *Held,* that, even though Section 798 declares that the truth of the facts recited in a written instrument is conclusively presumed between the parties and their successors, except as to the recital of a consideration, parol evidence was not admissible in absence of a pleading of mistake or invalidity to show that plaintiff's claim was included; the recital of the debts assumed by defendant being more than a mere recital of consideration, amounting to a contractual assumption of the original debtor's liability.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by the Oregon Mill & Grain Company against C. Kirkpatrick.

The substance of the complaint is that about March, 1911, H. G. Hyde, being at the time indebted to the plaintiff for goods, wares, and merchandise sold to him, transferred to the defendant a retail grocery business in Baker, Oregon, and that as part of the purchase price the defendant agreed with Hyde to pay the amount due from the latter to the plaintiff. It is further alleged that at the same time, for a valuable

---

*As to the right of action on contract made for benefit of stranger, see note in 2 L. R. A. (N. S.) 783.   REPORTER.

consideration, the defendant assumed the account of this plaintiff against Hyde and promised and agreed to and with plaintiff to pay the balance due to plaintiff from Hyde for the merchandise sold to him. It is also averred in effect, but not as a separate cause of action, that, since the transfer of the stock to the defendant, the plaintiff had sold to him other goods at his special instance and request, and for which the defendant promised to pay to plaintiff the reasonable value thereof; that, including the goods sold to Hyde and those sold to defendant, they amounted to a reasonable value of a specified sum, no part of which has been paid, except a certain other stated sum, leaving a balance due to plaintiff from defendant in the sum of $710.94, for which, with interest, the plaintiff demanded judgment.

The answer traversed all the allegations of the complaint, except that Hyde sold the business to the defendant and that prior to the transfer the plaintiff had sold and delivered goods to Hyde. At the close of plaintiff's case the court directed a verdict for the defendant, upon which judgment was entered, and the plaintiff appeals.    AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. John L. Rand* and *Mr. A. A. Smith,* with an oral argument by *Mr. Smith.*

For respondent there was a brief over the names of *Messrs. Clifford & Correll,* with an oral argument by *Mr. Morton D. Clifford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The plaintiff called Hyde as a witness, who testified to the effect that the sale to the defendant was made January 7, 1911, the inventory taken on the 8th, and

the business turned over to him the next day. When the plaintiff began to inquire from the witness about the consideration to be paid, he was confronted with a written instrument which is here set out:

"Know all men by these presents that H. G. Hyde, party of the first part, for and in consideration of the sum of five hundred ($500.00) dollars to him in hand paid by Chauncey Kirkpatrick, the party of the second part, the receipt whereof is hereby acknowledged, and for the further consideration of the payment by the said party of the second part of the following wholesale accounts at or before the time the same become due, to wit: Allen & Lewis, $395.58; Baker City Grocery Company, $1,198.00; Clossett & Devers, $30.72; J. A. Folger & Co., $132.35; Hills Brothers, $254.53; North Powder Milling Company, $118.60; Pioneer Mill, $213.25; and Schillings, $28.20—the party of the first part does hereby grant, bargain, sell and set over unto the said party of the second part, his heirs, executors, administrators, successors and assigns, the following described personal property, to wit: All that certain stock of goods, wares and merchandise in store room now occupied by H. G. Hyde and in warehouses used in connection therewith, used in conducting a general grocery business known as H. G. Hyde's Grocery, and being situate on Center street in the city of Baker, Baker County, Oregon. To have and to hold the same unto the said party of the said second part, his heirs, executors, administrators, successors and assigns forever. And the said party of the first part, for himself, his heirs, executors, administrators and assigns does hereby covenant and agree to and with the said party of the second part that he is the owner and in possession of the above described personal property, and that the same is free from all legal claims whatsoever except those above mentioned. In witness whereof the parties hereto have hereunto set their hands and seals this 10th day of March, 1911.

"H. G. HYDE.
"CHAUNCEY KIRKPATRICK."

The execution of this instrument having been admitted, as appears on its face, it was put in evidence, at the instance of the defendant, during the progress of the plaintiff's case. The plaintiff by various means endeavored to prove that its claim was one which the defendant had agreed to pay as part of the consideration of Hyde's sale to him. In particular, the plaintiff offered proof to the effect that, since the transfer of the business, the defendant had stated orally to its officers that he would pay the amount due from Hyde to the plaintiff, but that afterward, having found that the plaintiff's claim was not on the list set out in the instrument quoted above, he refused to pay. All of such offers were excluded by the court. Upon this ruling the plaintiff predicates error.

1. It is well settled and indeed conceded that, where A. makes a valid contract with B. for the payment by B. of the debt of A. to C., the latter may sue upon the contract and enforce it by an action in his own name: *Baker* v. *Eglin,* 11 Or. 333 (8 Pac. 280); *Hughes* v. *O. Ry. Co.,* 11 Or. 437 (5 Pac. 206); *Feldman* v. *McGuire,* 34 Or. 309 (55 Pac. 872).

2. But the question is whether the proof shows that such a contract was made between Hyde and the defendant for the benefit of the plaintiff. It is stated in Section 713, L. O. L., that:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: (1) Where a mistake or imperfection of the writing is put in issue in the pleading; (2) where the validity of the agreement is the fact in dispute. * * *"

The plaintiff, however, contends that the list of claims mentioned in the writing was a mere recital of the consideration, and that parol testimony is admissible to show that plaintiff's claim was in fact included in the actual consideration to be paid for the transfer of the business.

By Section 798, L. O. L., the truth of the facts recited is conclusively presumed from the recital of a written instrument, as between the parties thereto, and their representatives or successors in interest by subsequent title, but, as there stated, this rule does not apply to the recital of a consideration. The fallacy of plaintiff's position consists in assuming that the list of claims supplied by the writing introduced in evidence was only a recital leaving it open to explanation or change by parol testimony. The expression on that point in the writing was more than a recital; it amounted to a contractual condition of the transfer of the business from Hyde to the defendant. It was one of the terms of the contract and operated to create a right in the persons on the list to collect their debts from the defendant. The plaintiff was not mentioned in that category, and to permit it now to show by parol testimony that its claim ought or was intended to have been included would be to import additional terms into that instrument contrary to the statute already quoted. The seller specified the conditions upon which he sold his business, and the signature of the buyer, the defendant here, to the written instrument indicates his assent thereto. No question is made but that the writing was in fact executed, as it appears upon its face, and no issue is raised by the pleading about there being a mistake in the instrument; neither is it contended by the pleadings or otherwise that it was executed in the form in which it now appears with an intent to defraud the plaintiff.

It is an instance where the parties to the contract have made a written memorial of their covenant. It is presumed, for aught that appears in this case, to contain all the elements of their stipulation, and the plaintiff, claiming under that agreement, cannot enlarge or vary its provisions under the guise of inquiring into the consideration: *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135); *Miller* v. *Edgerton,* 38 Kan. 36 (15 Pac. 894); *Baum* v. *Lynn,* 72 Miss. 932 (18 South. 428, 30 L. R. A. 441); *Davis* v. *Gann,* 63 Mo. App. 425; *Hubbard* v. *Marshall,* 50 Wis. 322 (6 N. W. 497); *Jackson* v. *Chicago R. Co.,* 54 Mo. App. 636; *McCrea* v. *Purmort,* 16 Wend. (N: Y.) 460 (30 Am. Dec. 103); *Stillings* v. *Timmins,* 152 Mass. 147 (25 N. E. 50); *Sayre* v. *Burdick,* 47 Minn. 367 (50 N. W. 245).

The case of *Sayre* v. *Burdick, supra,* is also authority for the rule that "one who seeks to enforce a promise made to another for his benefit is bound, the same as the promisee would be, by the rule excluding parol proof to vary a written contract." On principle this is true, for the rights of the plaintiff here cannot rise above their source, which is the transaction between Hyde and the defendant. If they existed at all, they must be found in the contract between those individuals.

The court was right in excluding the testimony offered under the pleadings here, and the judgment is affirmed.

AFFFIRMED: REHEARING DENIED.