Argued October 27, decided November 11, 1913.

# BAKER CITY MERCANTILE CO. *v.* IDAHO CEMENT PIPE CO.*

(136 Pac. 23.)

**Evidence—Presumption.**

1. It is presumed that an official duty has been performed, and hence that city commissioners required a contractor with the city to give a bond pursuant to the contract, and as contemplated by Section 6266, L. O. L.

**Contracts—Parties—Action by Third Persons.**

2. Where one receives a consideration from another to enter into an undertaking with such other, which is primarily for the benefit of a third person, such third person may maintain an action on the contract, so that one who contracted with a city for the construction of a pipe-line, and undertook to pay for the labor and necessary supplies used in constructing the line, was primarily liable for such supplies, though furnished to a subcontractor, and could be sued for the price thereof by the person furnishing them, who was not a party to the contract.

[As to contracts for the benefit of third persons, see notes in 9 Am. Dec. 155; 35 Am. St. Rep. 331; 71 Am. St. Rep. 178.]

**Principal and Agent—Contracts—Existence of Relation.**

3. Where defendant, who had a contract with a city for the construction of a pipe-line, had the work done by A, under an arrangement by which defendant paid the men employed by A to do the work, and paid the merchant who furnished supplies for the men while working, A was in substance a mere overseer or foreman for defendant, so as to make defendant, and not A, liable for such supplies.

**Money Received—Money Received to be Paid to Plaintiff.**

4. Where defendant, who contracted with a city to construct a pipe-line and employed A to do the work, deducted from the wages of the laborers employed by A a sufficient amount to pay for the supplies furnished by plaintiff in maintaining the men, defendant in equity and good conscience should pay plaintiff for such supplies, under the equitable doctrine of liability for money had and received.

**Contracts—Construction—"Material."**

5. Supplies furnished by plaintiff for boarding and maintaining men engaged in constructing a pipe-line, pursuant to a contract for its construction by defendant for a city, were embraced within the terms of the original contract, which required defendant to furnish all "material" and do all the work required to construct the line.

---

*As to right of a third party to sue upon a contract made for his benefit, generally, see notes in 25 L. R. A. 257 and 2 L. R. A. (N. S.) 783.                                                   REPORTER.

From Baker: Gustav Anderson, Judge.

En Banc.   Statement by Mr. Justice Bean.

This is an action by the Baker City Mercantile Company, a corporation, against the Idaho Glazed Cement Pipe Company, a corporation, for the recovery of the value of goods, wares and merchandise furnished by the plaintiff and its assignors in the furtherance of the construction of a pipe-line by the defendant for the City of Baker.   The cause was tried before a jury, which rendered a verdict in favor of plaintiff for the following sums, to wit:

| | | |
|---|---:|---:|
| For the claim of Baker City Mercantile Co..$ | 838 | 10 |
| For Perkins Bros.' claim assigned to plaintiff...... ..... ......... ........... | 37 | 65 |
| For Oregon Mill & Grain Co.'s claim assigned to plaintiff.......... ............... | 109 | 42 |
| For the claim of M. Weil & Co. assigned to plaintiff........ ....... ........... | 29 | 20 |
| For the claim of Baker City Packing Co. assigned to plaintiff................... | 623 | 55 |
| Total........................$ | 1,637 | 92 |

From a judgment entered thereon, defendant appeals.

The complaint declares upon five separate causes of action.   For the first plaintiff alleges that the defendant entered into a contract with the City of Baker, a municipal corporation of Oregon, to construct a conduit in connection with the gravity water system of such city, and employed men to do the manual labor in the construction thereof at an agreed price; that while these men were so employed, the defendant, by J. A. Atchison, bought goods of plaintiff of the reasonable value of $840.10 for the use of the laborers;

that it was stipulated and agreed between plaintiff and defendant that the latter would hold, out of the wages of the laborers employed in the construction of the conduit, sufficient to pay the aforesaid sum; that in compliance therewith defendant, in the settlement with such laborers, with their consent did withhold such sum for the use and benefit of plaintiff, and now holds the same. The other causes of action are substantially the same, with the further allegation of an assignment to plaintiff. The fifth cause of action upon the account of the Oregon Mill & Grain Company contains no allegation that the amount thereof was deducted from the wages of the laborers.

The defendant denied the gist of the allegations of the complaint, and pleaded in effect that J. A. Atchison was an independent contractor and purchased the goods on his own credit without any authority from defendant. When plaintiff rested its case defendant moved for a nonsuit, which was denied, and at the close of the case requested the court to instruct the jury to return a verdict in favor of defendant. This was refused. These rulings are assigned as errors.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. McColloch & McColloch,* with an oral argument by *Mr. Claude C. McColloch.*

For respondent there was a brief and an oral argument by *Mr. O. B. Mount.*

MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the record that on July 17, 1911, the Idaho Glazed Cement Pipe Company, a corporation of the State of Idaho, entered into a contract with the City of Baker for the excavation of a trench and

the laying of a new pipe-line in connection with the city's gravity water system, according to the plans and specifications provided therefor, at an estimated cost of about $80,000. It was the chief desire of the defendant to sell the pipe which it manufactured, but, in order to secure the contract, it was necessary for the company to undertake the excavation work. This the pipe company first made arangements for with one Edna, but toward the fall of 1911, his work proving unsatisfactory to the city commissioners, this engagement was canceled. Defendant then arranged for the excavation work with one J. A. Atchison. Messrs. Storey, Fawcett and Twogood, the principal spirits in the cement pipe company, executed an agreement in writing with Atchison to do a portion of the excavating, involving about $13,000. Atchison began work under his contract at once, and during the remainder of the year 1911 the pipe company boarded his men at the camp which it maintained on the works. At the close of that year the company informed Atchison that if he continued work during the coming year, he must employ and pay his own men, and also board and camp them, but no notice of any change of methods was given to the parties furnishing the materials sued for. In the spring of 1912 the work proceeded, and at the end of each month Atchison's bookkeeper would submit a pay-roll of amounts due for labor, with the sums to be deducted for board at a camp established by Atchison exclusively for men working on the conduit, and for supplies furnished to the men from a commissary kept by him. The company would pay the men for their labor, deducting the above amounts, and pay the merchants, among whom were the plaintiff and its assignors, for the supplies furnished the men and materials used in the construction of the pipe-line. When the goods were supplied they were

charged to "J. A. Atchison Camp," or "J. A. Atchison Pipe-Line Camp"; only a small amount being paid direct to Atchison. This system prevailed until the conduit was completed in August, 1912. For the month of July and a portion of August the company paid the laborers for their work, deducting $1,561.70 therefrom for board and commissary supplies furnished them. During this time plaintiff and its assignors furnished the goods sued for in the same manner as before, and they were used in the promotion of the work.

Defendant pleads and its counsel insist with earnestness that upon the evidence introduced the defendant is not liable to these merchants for the supplies, consisting of flour, meat, tobacco, clothing, etc., furnished the men under the arrangement, and a small amount of feed supplied for the teams employed upon the work. By the terms of the defendant's contract with the city the former agreed to furnish all material and do all the work necessary to construct the conduit. The contract provided in part that the contractor should not sublet, assign or transfer the contract, or any part thereof, without the consent of the board of commissioners; that the contractor was to take entire charge of the work during its progress, subject to the supervision of the engineeer and of the board of commissioners; that the contractor with its sureties should be liable for any damages caused by any negligence; that if any person employed by the contractor on the work should appear to the engineer to be incompetent or to act in an improper manner, he should be discharged. A bond in the sum of $30,000 was required to be furnished by the contractor conditioned upon a full performance of the contract.

1. Section 6266, L. O. L., as it then existed, directed that a corporation entering into a formal contract

with any municipality within this state for the prosecution and completion of any work should be required, before commencing the work, to execute the usual penal bond with good and sufficient sureties, with the additional obligation that such contractor should properly make payments to all persons supplying him with labor or materials for any prosecution of the work provided for in the contract, and further required that any person furnishing labor or materials for the prosecution of such work, the payment for which had not been made, should have a right of action in the name of the municipality against such contractor and sureties. It is a presumption that official duty has been performed, and that the city commissioners required such bond to be given according to the stipulation of the contract. This statute emphasizes the force of the contract made by the defendants with the municipality. Under the statute as amended in 1913 (Laws 1913, p. 59), in case of a failure to have the required undertaking executed, the municipality and the officers authorizing the contract would be jointly liable to the persons furnishing such materials.

2. The law is well settled in this state that where one has received from another some fund or property or thing in consideration of which he has promised to or entered into an undertaking with such other directly and primarily for the benefit of a third person, an action thereon may be maintained by such person though not a party to the transaction: *Feldman* v. *McGuire*, 34 Or. 309 (55 Pac. 872); *Oregon Mill & Grain Co.* v. *Kirkpatrick*, 66 Or. 21 (133 Pac. 69, 71). The defendant by its contract with the city undertook to pay for the labor, materials and necessary supplies used in the construction of the city pipe-line, and was primarily liable therefor.

3. As to any third parties furnishing labor or materials for the work, the arrangement by the defendant company with Atchison constituted the latter a mere overseer or foreman in prosecuting the work under the contract with the city. Had defendant desired otherwise it should have protected itself by seeing that Atchison was responsible, or by requiring a bond from him.

4. Defendant has no cause for complaint, for the reason that plaintiff seeks to recover from it alone instead of bringing action against the sureties on the bond required by the statute. The defendant deducted from the wages of the laborers a sufficient amount to pay for the supplies furnished by plaintiff and its assignors in boarding the men, and maintaining the commissary. In equity and good conscience it should be required to pay this money over to plaintiff. It was not error for the court to submit the case in part to the jury upon the theory of money had and received, which is an action of an equitable character: *Edwards v. Mt. Hood Construction Co.,* 64 Or. 308 (130 Pac. 49).

5. The uncontradicted evidence shows that all the goods sued for were furnished to board the men employed upon the work and supplied to them in payment for their labor in the construction of the aqueduct. Mr. Frank Fawcett, one of the officers of the defendant company, in his evidence given on behalf of defendant, stated that the company paid all laborers under Atchison's charge, giving as a reason that "we was made responsible for the labor on the contract (with Baker City), therefore we wanted to be sure the labor was paid. We thought this was the surest method to know it was paid. Issued checks directly to the men who did the work." To the question, "Was that the agreement with Mr. Atchison?" he answered: "That was the agreement we had on the

start; he didn't put up any bond, and that was the agreement we had, we would issue the checks to the men, in lieu of his giving a bond.'' Defendant also admits its liability for the payment of all material furnished in the construction of the work. It is pleased, however, not to term the goods supplied to the laborers in payment for their work and board as ''materials.'' All the goods supplied by the plaintiff and its assignors, whatever we may term them, were necessary in the construction of the conduit, and were embraced within the terms of the original contract with the city.

The court, among other instructions to the jury, gave the following: ''If you find that the defendant in this case authorized and sanctioned Atchison to procure the goods to apply on the payment of wages, and that the defendant undertook and agreed to pay for all labor used in the construction of the conduit referred to in this case, knowing that a portion thereof was paid for in goods or merchandise, and you should further find that any of the goods mentioned were delivered or furnished to the laborers and not paid for, and the amount thereof deducted and retained by the defendant out of the amount due for such labor, knowing that such goods had not been paid for, then plaintiff would be entitled to recover the amount of such goods as you may find were so furnished and not paid for, and actually so deducted and retained by the defendant, if you find any were so deducted and retained.'' Defendant by its counsel duly excepted to this instruction. Under our view of the contract between the defendant and the city, this instruction was as favorable to the defendant as it could reasonably expect.

The question of the agency of Atchison was also submitted to the jury, and much evidence was intro-

duced in regard thereto. All the evidence is contained in the record. As we view it, when the arrangement made between the officers of the company and Atchison, and the method of conducting the business connected with his work, was shown, and the contract with the city was introduced in evidence, this was sufficient to show the liability of the defendant for the goods furnished. There was no error in overruling the motion for a nonsuit and denying the request of defendant for a directed verdict. Article VII, Section 3, of the Constitution of Oregon directs that: "If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial." Upon the evidence contained in the record, the defendant, by virtue of its contract, is liable for the full amount of the judgment.

The complaint describes the transaction in full, and the evidence supports the allegations of the complaint; therefore it becomes unnecessary to examine the record as to the other errors assigned.

The judgment of the lower court is affirmed.

AFFIRMED.