Argued September 11, affirmed November 1, 1961

# JAMES A. C. TAIT & CO. *v.* D. DIAMOND CORPORATION

365 P. 2d 883

*Bert S. Gooding,* Portland, argued the cause for the appellant. With him on the briefs were John R. Gilbertson and Stanley R. Church, Portland.

*Howard M. Dupuy, Jr.,* Portland, argued the cause for the respondents. With him on the brief was John Morton Coke, Portland.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and BRAND, Justices.

SLOAN, J.

The following statement of the nature of this case,

the issue presented and the essential facts alleged are taken from the statement of the case contained in appellant's brief:

"A. This is an action by a materialman on a contractor's bond for the value of material delivered to a subcontractor and used in the performance of the prime contract. Plaintiff appeals from the judgment denying any relief whatsoever to it in its second amended and supplemental complaint.

"B. The sole issue presented on appeal is whether or not plaintiff may recover on the subject bond as a third party beneficiary.

"C. On October 31, 1957, the defendant, D. Diamond Corporation, entered into a contract with Portland Osteopathic Hospital for the construction of a new hospital building (AB. 1, 2). The construction contract provided among other things that the successful bidder (defendant Contractor) furnish a bond as security for the payment of all persons performing labor and furnishing material in connection with the construction contract (Ab. 2). Pursuant to the terms of the construction contract, defendants, including defendant contractor, D. Diamond Corporation, as principal, and defendant, United States Fidelity and Guaranty Company, as surety, furnished and delivered to Portland Osteopathic Hospital, the bond upon which this action is based. (AB. 3, 7, 8).

"During the course of construction of said new hospital building, the plaintiff furnished to a subcontractor, George I. Olson dba George Olson Plastering Co., material of a value of $26,963.93, no part of which has been paid, except $21,963.75, leaving a balance due plaintiff from said subcontractor in the sum of $5,000.18, for which the present action was instituted, together with a reasonable attorney's fee in the sum of $1,000.00."

The trial court sustained a demurrer to plaintiff's second amended and supplemental complaint. When

plaintiff declined to plead further, judgment was entered for defendants. Plaintiff appeals.

We must affirm the judgment. The cases of *Parker v. Jeffery*, 1894, 26 Or 186, 37 P 712, and *Pankey v. National Surety Company*, 1925, 115 Or 648, 239 P 808, preclude plaintiff's recovery in this case. It would be necessary for us to overrule these cases in order to sustain plaintiff's pleading.

We recognize that there is respectable authority that has been critical of the rule followed by this court. Corbin, in his valuable work on Contracts says that the minority rule, which we have followed, should be repudiated and that:

> "We should now start with the general proposition that two contracting parties have power to create rights in a third party. This has long been a general rule; it is not an 'exception.' 'Privity' is not necessary: the third party need not be a 'promisee' nor need he give consideration.[⊛] Secondly, it is not necessary to the creation of rights in the third party against the promisor that the promisee should owe any legal, equitable, or moral duty to the third party. This, also, has long been the prevailing rule; but there is a line of cases stating the contrary, though very often keeping the actual decision in harmony with it. And thirdly, the third party has an enforceable right if the surety promises in the bond, either in express words or by reasonable implication, to pay money to him." (Footnote omitted). Volume 4, § 798, p 163-164.

The trouble with an outright repudiation of our former decisions is that an untold number of surety contracts have been entered into in reliance upon the unequivocal holdings of this court. We must assume that to now repudiate the rule, except on a prospective basis, would result in substantial damage to persons who have relied thereon. Nor can we judge the

repercussions that could occur within the construction industry by an abrupt reversal of the rule. We are certain that facts not available to us should be considered. It is a problem that can but be solved by legislative study and action.

Judgment affirmed.